## OTTO RADLOFF
### *v.*
## OTTO HAASE.

*Announced orally June 5, 1902.*

1. REHEARINGS—*delivery of petition to express company not sufficient.* A petition for rehearing must be filed in the clerk's office within the twenty-five days fixed by the rehearing rule, and it is not sufficient to show it was placed in an express office or in the post-office, directed to the clerk, within that time.

2. CLERKS—*clerk can only file papers as of the date received.* The clerk of the Supreme Court has no authority to file papers as of any other date than that on which they are actually received by him, and the determination whether papers shall be filed *nunc pro tunc,* where the question properly arises, is a judicial and not a ministerial function.

*Radloff* v. *Haase,* 96 Ill. App. 74, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

*Statement by the reporter.*—This case was reported in 196 Ill. 365, where the opinion of the court upon the merits of the case will be found. Subsequently, at the June term, 1902, a motion was made for leave to file petitions for rehearing *nunc pro tunc* as of May 12, 1902. This motion was supported by affidavit of J. Henry Kraft, attorney for appellant, which affidavit is, in part, as follows:

"J. Henry Kraft, being first duly sworn, deposes and says that he is the attorney for the appellant in the above entitled cause; * * * that said cause having been reversed and remanded on April 16, 1902, the twenty-five days allowed by the rules of this court for the filing of the petition for rehearing itself expired on Sunday, May 11, 1902, giving appellant all day of May 12, 1902, on which to file such petition in this court. Affiant further says that he has practiced in this court for a number of

years and is well acquainted with its practice in cases of this character; that it has become a custom in the office of the clerk of this court to file all papers sent to him by express as of the date on which the same are delivered to the express company to be forwarded to said clerk; that such custom is well known among printers of legal papers and among lawyers practicing in this court, and has been relied upon by them. Affiant further says that on May 12, 1902, he delivered thirteen copies of appellant's petition for rehearing to the United States Express Company, properly enclosed and addressed to the clerk of this court at Springfield, Illinois, and received from said company the receipt hereto attached as 'Exhibit A;' * * * that affiant, on said 12th day of May, 1902, also caused to be mailed, properly addressed and postage prepaid, an additional copy of said petition for rehearing to the official reporter of this court. Affiant further says that said petitions for rehearing, and other enclosures hereinbefore mentioned, should have, according to the time schedules of said express company, reached Springfield from Chicago at five o'clock in the morning of May 13, 1902, and should have been delivered to the clerk of this court before the opening of court. * * * Affiant further says that the clerk of this court has filed said petitions as of May 13, 1902, instead of May 12, 1902, and has notified this affiant that the same are too late. * * * Wherefore affiant prays that the attached motion may be granted."

J. HENRY KRAFT, for appellant.

Mr. JUSTICE BOGGS announced the opinion of the court:

This is a motion entered in behalf of the appellee for a rule on the clerk requiring him to file a petition for a rehearing of the cause as of the 12th day of May, 1902.

An opinion was filed herein on the 16th day of April, 1902. The rules of this court permitted the appellee to

file a petition for a rehearing within twenty-five days after the filing of the opinion. The last day of the twenty-five days so allowed was Sunday, May 11, 1902. The office of the clerk is not open for the transaction of business on the Sabbath day, and for that reason we have construed the rule to permit the filing of petition for rehearing, in such instance, on the succeeding day, which in this case would have been Monday, May 12. The petition here asked to be filed was not, however, filed, or tendered to be filed, on Monday, the 12th. The motion for a rule on the clerk to file the same as of the 12th day of May is supported by an affidavit, from which it appears that on Monday, the 12th day of May, counsel for the appellant delivered the petition (together with the number of copies thereof as required by the rules) to the American Express Company, in the city of Chicago, to be transmitted by express to the clerk of this court in Springfield.

Counsel insists it is a well recognized usage and practice in the courts of the State to regard petitions for rehearing, transcripts, and other like documents, as being constructively in the hands of the clerk from and after the time such documents have been delivered to an ex· press company for transmission to the clerk or have been deposited in the post-office to be conveyed by mail to the clerk, and that in that view the clerk should file the petition herein as of the 12th day of May, the day on which it was delivered to the express company in Chicago. There is no rule of this court which authorizes the clerk to file papers as of any other date than that on which they are actually received by him. It is not a ministerial but a judicial function to determine that papers shall be filed *nunc pro tunc* as of a date other than that of their actual reception by the clerk. The official reporter of the court at once after the expiration of the twenty-five days allowed for the filing of petitions for rehearing, publishes in the "Official Reporter" all opinions in which

petitions for rehearings have not been filed. In this case the opinion of the court was so published by the official court reporter as the final action of the court in the case. The motion is denied.                    *Motion is denied.*