Arleine Hambley, et al., Plaintiffs-Appellants, v. Charles W. Conroy, et al., Defendants-Appellees.

## Term No. 56-O-6.

Fourth District.

November 5, 1956.

Released for publication November 21, 1956.

Irving M. Wiseman, of Alton, and Mudge and Mudge, of Edwardsville, for plaintiffs-appellants.

Jones, Ottesen & Fleming, of Belleville, and Baker, Kagy & Wagner, of East St. Louis, for defendants-appellees.

PRESIDING JUSTICE SCHEINEMAN delivered the opinion of the court.

A motion to dismiss this appeal has been filed by appellees and appellants have filed objections thereto. The undisputed facts are that this appeal is from a judgment of the Circuit Court January 12, 1956. Notice of appeal was filed March 12, 1956. On April 30, 1956, being one day before the expiration of the fifty days for filing a report of proceedings, the appellants filed a motion for extension of time, and on the same day the court entered an order extending the time to June 11, 1956.

The report of proceedings was not filed within the prescribed time nor was any motion for further extension filed within that period. However, a motion for further extension was filed in the trial court on June 12, 1956, and an order was entered on that date purporting to grant further extension of time.

The court was without power to extend the time for filing a report of proceedings upon the application made after the time had already expired. Lukas v. Lukas, 381 Ill. 429. The rule specifically requires that an application for such extension must be made "before the expiration of the original or extended period." App. Ct. Rule 1 (c); Sup. Ct. Rule 36 (1) (c) [Ill. Rev. Stats. 1955, ch. 110, § 101.36, subd. (1)(c)].

The same limitation is applied in the court of review as to the time when application for extension may be made. However, there is no limit on the number or duration of extensions granted in the reviewing court. Thus, if the failure to procure a report of proceedings within the aggregate of 95 days allowed in the trial court is caused by the activity or fault of the official reporter, a showing of such facts will justify any extension of time the reviewing court finds reasonably necessary. But application for the extension must be filed before the time has expired.

Appellants argue that the rule should not apply where the time between expiration date and the new application was short. Adoption of such a view in one case would permit the same argument as to a later date in another case. The rule must be applied or it is abolished. It follows that the court's power to grant extensions terminates on the last day specified by the rule, if no application is presented by that time, and subsequent action is ineffective regardless of the date thereof. The cited case of Lukas v. Lukas, 381 Ill. 429, further indicates that, if the report of proceedings is not filed in the required time, and it is essential for review of the alleged errors, the appropriate action of the reviewing court is to affirm the judgment rather than dismiss the appeal.

■ ■ The report of proceedings not having been filed in the trial court within the time allowed, or within any extension of that time on application made within the time, it cannot be considered in this case and the report of proceedings being necessary to a consideration of the errors relied upon by appellants, in the absence of such report there are no questions presented by the record which may be reviewed by this court. Accordingly the judgment of the Circuit Court is affirmed.

Judgment affirmed.

BARDENS and CULBERTSON, JJ., concur.