First Federal Savings & Loan Association of Maywood, a United States Corporation, Plaintiff-Appellee, v. Oak Park National Bank, as Trustee Under Trust Number 5596, John Caruso, et al., Defendants-Appellees, and Harold L. Schecter & Co., a Corporation, Defendant-Appellant.

Gen. No. 50,394.

First District, First Division.

April 7, 1965.

 

Mack P. Manning, of Chicago, for appellant.

Vincent J. Pascucci, of Chicago, for Oak Park National Bank, as trustee under trust number 5596, John Caruso, Mary Caruso, Margaret Tano and John Tano, Jr., defendants-appellees; Russell & Bridwell, of Chicago, for First Federal Savings & Loan Association of Maywood, appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Defendant Harold L. Schecter & Co. seeks to appeal from a declaratory judgment order entered September 21, 1964. It filed a timely notice of appeal on November 16, 1964. The record was not filed within the prescribed time, however, and for that reason this appeal must be dismissed.

█ Under Supreme Court Rule 36(1)(c) (Ill Rev Stats c 110, § 101.36(1)(c)) an appellant desiring to incorporate a report of proceedings in the record must see to it that such a report is filed, duly certified, in the trial court within 50 days after the filing of the notice of appeal. On timely motions in the instant case, and under the authority of the rule referred to, extensions of time were allowed to February 19, 1965, which was the 45th day beyond the original 50-day period. Thereafter additional orders were entered by the trial court purporting to extend further the time for filing a report of proceedings, but these orders were a nullity as they were beyond the authority of that court, and no application for extension of time was ever made to this court. The report of proceedings was not filed in the trial court until March 2, 1965,

and the record was filed in this court on March 12, 1965.

Supreme Court Rule 36(1)(c) reads in part:

> On application made before the expiration of the original or extended period allowed by this rule for filing the report of proceedings, any judge of said court may on good cause shown extend the time for filing the same. The extensions of time granted in the trial court shall not exceed in the aggregate a period of 45 days from the last day fixed by this rule for filing the report of proceedings. Further extensions of time may be granted only by the reviewing court or a judge thereof in vacation in the manner provided in subdivision (2)(e) of this rule, upon application made within the extended period granted by the judge of the trial court, or within any further extended period granted by the reviewing court or judge thereof.

Other pertinent parts of Rule 36 read:

> (2) . . .
> (d) *Time for filing record on appeal.* The record on appeal shall be filed in the reviewing court not more than 60 days after notice of appeal has been filed. If the time for filing the report of proceedings is extended, the time within which the record on appeal must be filed is, without the necessity of an order, extended 10 days beyond the extended time for filing the report of proceedings.
> (e) *Extension of time for filing record on appeal.* Further time within which to file the record on appeal may be granted by the reviewing court or any judge thereof in vacation, upon mo-

tion and affidavit showing good cause and due diligence. The motion must be accompanied by a short record and be made before the expiration of the time for filing the record on appeal or any extensions thereof.

. . . . . .

(g) *Dismissal of appeal by reviewing court.* After a short record or a record on appeal is filed in the reviewing court, only that court may dismiss the appeal. *The reviewing court shall dismiss the appeal if the record on appeal is not filed in proper time.* (Emphasis supplied.)

See also Rule 5 of this court.

█ In view of the above, we consider it our obligation to allow plaintiff's motion to dismiss this appeal. Cosgrove v. New York, C. & St. L. Ry. Co., 11 Ill App2d 574, 138 NE2d 112.

If appellant were to file a petition for leave to appeal under Section 76 of the Civil Practice Act and Supreme Court Rule 29 (Ill Rev Stats c 110, §§ 76 and 101.29) leave would be given (upon proper application) to refile in such a case the record which is now on file in this case.

Appeal dismissed.

McCORMICK, P. J. and DRUCKER, J., concur.