**Harold Ticktin, Plaintiff-Appellee, v. Vaclav Verunac, et al., Defendants-Appellants.**

**Gen. No. 50,382.**

First District, Fourth Division.

September 24, 1965.

Anna D. Marek, of Ontarioville, for appellants.

Joseph J. Ticktin, of Chicago, for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

In a nonjury contract action, judgment was entered against all defendants for $1,600, and they have appealed. Plaintiff has filed a cross appeal seeking an additional $500.

Plaintiff now files a motion to strike defendants' abstract for failure to comply with the court rules governing same, to strike defendants' report of proceedings for failure to file it on time, and to dismiss the appeal for failure to file the record on time. Needless to say, allowance of the motion to dismiss would render the other motions inconsequential, but we wish to comment briefly thereon in passing.

 Supreme Court Rule 38 (SHA ch 110, § 101.38) [1] lays down certain minimum requirements for abstracts which we believe should not be too difficult of compliance. There has been an altogether too extensive failure to adhere to these requirements, on the part of attorneys generally. The result has been an unwelcome imposition upon the judges of this court, just at a time when the volume of its cases has grown to overwhelming proportions. In a half dozen different ways, the abstract in the instant case fails to comply with the rules. It is clearly insufficient to present the errors relied upon, nor does it cover all matters necessary to a full understanding of the questions presented for decision. Under these circumstances we would be justified in striking the abstract either on appellee's motion or on our own.

The Notice of Appeal was filed in the trial court on December 7, 1964. Supreme Court Rule 36(1)(c) re-

---

[1] Supreme Court Rule 38, and Rule 36, referred to later in this opinion, have been incorporated into this court's Rule 5.

quires that a report of proceedings be filed, duly certified, within 50 days thereafter. In this case the 50-day period expired on January 26, 1965. The record discloses that the report of proceedings was not filed until February 3, 1965.

Supreme Court Rule 36(1)(c) makes provision for the extension of time to file a report of proceedings. As pertinent to this case it states, "On application made *before the expiration* of the original or extended period allowed by this rule for filing the report of proceedings, any judge of said court may on good cause shown extend the time for filing the same. The extensions of time granted in the trial court shall not exceed in the aggregate a period of 45 days from the last day fixed by this rule for filing the report of proceedings." (Emphasis supplied.) Thereafter any further extensions must be obtained from the reviewing court.

Two days after the expiration of the time for filing a report of proceedings, defendants made application to the trial court for a 45-day extension. This application came too late, and the court was without authority to grant such an extension. Any order entered on the basis of such an untimely application would be void, and of no effect, and this result would follow even though the order were otherwise in proper form,[2] and even though it might have been entered on agreement of the parties. Hambley v. Conroy, 11 Ill App2d 568, 138 NE2d 64; Sparacino v. Ferona, 9 Ill App2d 422, 133 NE2d 753; First Fed. Sav. & Loan Ass'n of Maywood v. Oak Park Nat. Bank, 57 Ill App2d 477, 207 NE2d 79.

---

[2] The purported "order" of extension was not in proper form. The record discloses the following nonsensical entry for January 29, 1965:

> By agreement between the parties hereto, it is ordered by the Court that the defendants' motion not to exceed forty five (45) days for extension of time to file the Report of Proceedings.

124

Supreme Court Rule 36 also declares the time for filing the record on appeal. Paragraph (2) (d) provides that a record "shall be filed in the reviewing court not more than 60 days after notice of appeal has been filed." Thus, in the case before us, the last day for filing the record expired on February 5, 1965. It was not filed until March 9, 1965.

While an extension of time to file the report of proceedings carries with it an extension of 10 days beyond that date for the filing of the record, there was no valid extension of time for the filing of a report of proceedings, and, therefore, none for the filing of the record.

According to the mandate of Supreme Court Rule 36 (2) (g), "The reviewing court shall dismiss the appeal if the record on appeal is not filed in proper time." The appeal in the instant case is therefore dismissed.

Plaintiff's motion to dismiss was presented in such a way as to indicate that his cross appeal would be prosecuted only if we were not to dismiss the basic appeal. The cross appeal, therefore, is also dismissed.

Appeal and cross appeal dismissed.

McCORMICK, P. J. and DRUCKER, J., concur.