Myrtle S. Farnsworth, et al., Plaintiffs-Appellants, v. The Shops Building, Joseph M. Rich, as Trustee Under Doc. No. 12879454 and 12879455 and George S. Lurie Company, an Illinois Corporation, Defendants-Appellees.

Gen. No. 51,593.

First District, Fourth Division.

October 28, 1966.

Louis M. March, of Chicago, for appellants.

Lord, Bissell & Brook, of Chicago, for appellees.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

This is a motion to dismiss the plaintiffs' appeal.

On April 11, 1966, judgment was entered in favor of the defendants upon a verdict rendered by the jury. On May 10, 1966, plaintiffs filed an appeal therefrom requesting a reversal and a new trial. On August 24, 1966, defendants filed a motion to strike the appeal from the docket of the Appellate Court or in the alternative to dismiss the appeal, on the ground that no written post-trial motion was ever filed. In their objections to defendants' motion plaintiffs assert that the trial judge improperly and prejudicially commented to the jury after giving an instruction and also committed various other prejudicial errors during the course of the trial. From these assertions plaintiffs contend that the written post-trial motion for a new trial need not be filed to preserve the issues for review because "to require Plaintiffs-Appellants to file a Post Trial Motion under said facts and circumstances would be an added burden and would not accomplish the requested result."

The Illinois Civil Practice Act provides in relevant part that post-trial motions in jury cases must be filed within thirty days after the entry of the judgment or within any further time the court may allow within the aforesaid thirty days. (Ill Rev Stats 1965, c 110, § 68.1 (3).) * The Act further provides that "a party may not urge as error on review of the ruling on his post-trial motion any point, ground or relief not particularly speci-

---

* No extension of time was ever granted.

fied in the motion." (Ill Rev Stats 1965, c 110, § 68.1 (2).) Moreover, the right to apply for a new trial is waived by the failure to seek a new trial in a post-trial motion. (Ill Rev Stats 1965, c 110, § 68.1 (5).)

We find that since the plaintiffs after a jury trial never filed a post-trial motion for a new trial, the plaintiffs waived their right to apply for a new trial. Therefore the judgment of the trial court is affirmed. Roberson v. Leak, 72 Ill App2d 11, 218 NE2d 819.

Judgment affirmed.

ENGLISH and McCORMICK, JJ., concur.