JOHN B. NORRIS, Plaintiff-Appellant, v. THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF OAK PARK, Defendant-Appellee.

(No. 61155;

First District (5th Division)—May 9, 1975.

*Rehearing denied July 28, 1975.*

Julius Lucius Echeles, of Chicago, for appellant.

Klein, Thorpe, Kasson & Jenkins, of Chicago (Arthur C. Thorpe, of counsel), for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal of an action commenced pursuant to the Administrative Review Act. (Ill. Rev. Stat. 1969, ch. 110, par. 264 *et seq.*) The Circuit Court of Cook County affirmed the decision of the Board of Fire and Police Commissioners of Oak Park (Board) discharging plaintiff from his position as an Oak Park police officer. On appeal, numerous challenges are made to the actions of the Board during the hearing as well as to the constitution of the Board and the validity of the complaint.

The complaint before the Board charged plaintiff with assisting his partner in removing two adding machines from the premises of Oak Park Federal Savings and Loan Association and failing to report the fact that the machines were placed in his partner's private car in plaintiff's presence. Further, the complaint charged that plaintiff failed to report this fact even though the machines were reported as stolen at a roll call at which he was present. This complaint was signed by Raymond Hutchison as "Acting Chief of Police."

At the hearing, plaintiff moved to dismiss, asserting an improper complaint because Hutchison was not chief of police in that he was over retirement age of 65 years.[1] Also, at the hearing plaintiff moved that the charges be dismissed; or, in the alternative, that the proceedings be suspended to permit impaneling a properly appointed Board on grounds that the members of the Board were not duly reappointed at the intervals required by law and that they failed to post personal bonds, as required. Each Board member stated he was properly appointed and reappointed at the required intervals and that the bond for each was posted by the Village. Both of these motions were denied.

---

[1] Section 10—2.1—17 of the Illinois Municipal Code (Ill. Rev. Stat. 1969, ch. 24, par. 10—2.1—17) provides that the age of retirement of policemen is 65 years.

The Board called plaintiff as a witness, but he refused to testify, invoking his privilege against incrimination. The evidence against him consisted partially of a statement made by plaintiff to his chief of police and other officers of the Oak Park Police Department. At this initial meeting, all questioning was preceded by plaintiff's assurance that he "knew his rights." Further evidence against him was based on a statement made by plaintiff to the Cook County State's attorney on August 7, 1970. Prior to making this statement, plaintiff was given proper *Miranda* warnings.

The Board also heard a statement implicating plaintiff made by Nick Boskovich, originally a co-respondent with plaintiff in the administrative hearing. Boskovich was later dismissed from the proceedings after his resignation from the police force. Accordingly, the statement of Boskovich was stricken. Plaintiff moved for dismissal; or, in the alternative, for a mistrial based upon the allegedly irreversible prejudice to him from the Board's having heard Boskovich's statement. Both motions were denied.

Plaintiff's complaint for administrative review was filed on October 29, 1970. Except for a stipulation extending the time to answer, the record fails to indicate that any further action was taken until a dismissal for want of prosecution pursuant to Rule 6.01 of the Rules of Practice of the Circuit Court of Cook County was entered on the court's own motion on March 4, 1974. More than 30 days later, on July 1, 1974, a "motion for an order reinstating the cause" was filed, to which was attached the affidavit of plaintiff's attorney stating that no notice of the dismissal was received from the clerk of the court, "probably because your affiant's address at the time he filed the lawsuit was 30 N. La Salle St., Chicago and ever since October, 1971, he has officed at 35 E. Wacker Drive, Chicago" and that the post office, after 1 year, "does not forward any mail sent to affiant's old address."

On July 1, 1974, an order was entered reinstating the case and setting it for hearing on September 30, 1974. The Board, on July 15, 1974 moved (1) to vacate the order reinstating the case; and (2) for leave to answer the motion to reinstate, alleging it to be inadequate under section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1973, ch. 110, par. 72.) However, before acting on this motion, the court (on August 20, 1974) affirmed the decision of the Board. Plaintiff's notice of appeal from this order bore the clerk's stamp, indicating it was filed with the clerk on September 23, 1974. Thereafter, on September 30, 1974 the trial court entered an order denying the Board's motion to vacate the reinstatement order of July 1, 1974. Notice of appeal from the September 30 order was filed by the Board on that same date. On appeal, it contends the petition of plaintiff was not in compliance witth section 72 of the Civil Practice

Act and that he was guilty of laches in not bringing the case for trial for almost 4 years after it was filed.

OPINION

A reviewing court must inquire into its jurisdiction whether or not the parties raise the question and must decline to proceed in a cause of which it has no jurisdiction. *County of Cook v. Hoytt,* 41 Ill.App.2d 122, 190 N.E.2d 150; 2 I.L.P. *Appeal & Error* § 25 (1953).

Supreme Court Rule 301 (Ill. Rev. Stat. 1973, ch. 110A, par. 301) provides that no step is jurisdictional other than the filing of a notice of appeal, while Rule 303(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 303(a)) provides that "* * * the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from   * * *." A timely filing of the notice of appeal is jurisdictional. *Grissom v. Buckley-Loda Community Unit School District,* 11 Ill.App.3d 55, 296 N.E.2d 624.

■■ We note that the order affirming the action of the Board was entered August 20, 1974. In plaintiff's notice of appeal, following the caption, the notice and the attorney's signature, there appears the following: "DATED: September 19, 1974." Despite this latter insertion, the clerk's stamp on the reverse side of the notice of appeal is dated: "1974 Sep. 23 A.M. 10 14." No motion was made in this court under Supreme Court Rule 303(e) (Ill. Rev. Stat. 1973, ch. 110A, par. 303(e)), which provides that within 30 days after the expiration of the time for filing a notice of appeal on motion supported by a showing of reasonable excuse for failure to file a notice of appeal on time, the reviewing court may grant leave to appeal. Assuming *arguendo* that the order of August 20, 1974, was an appealable order, we find that the notice of appeal was not, as explicitly required by the Supreme Court Rule, filed with the clerk of the court within 30 days of the entry of the order. Thus, this court is without jurisdiction to review plaintiff's claim.

■■ In addition, we note that the order of August 20 did not finally dispose of all claims then pending before the court. There still remained the July 15, 1974, motion to vacate the July 1, 1974, order reinstating the cause. This matter was not heard and finally disposed of until September 30, 1974. Prior to that time, absent the special finding required by Supreme Court Rule 304(a) relating to appeals from judgments that do not dispose of an entire proceeding (Ill. Rev. Stat. 1973, ch. 110A, par. 304(a)), the court still retained jurisdiction over all matters including its order affirming the Board's action. Conceivably, the court could have granted the motion to vacate the section 72 petition and thereby vacate its August 20, 1974, order affirming the Board's action.

■■ In this light, it would appear that there was no "final judgment" from which an appeal could be taken until September 30, 1974. In that event, the early notice of appeal of September 23, 1974 would be ineffective. See *Grissom v. Buckley-Loda Community Unit School District,* where notice of appeal was held ineffectively filed after the court orally announced its judgment but before the judgment was signed and filed some 5 days later.

It is true that in criminal appeals the Supreme Court has liberally construed the parallel requirements of its Rule 606(c) (Ill. Rev. Stat. 1973, ch. 110A, par. 606(c)), holding that no motion to excuse the filing of a late notice of appeal is necessary to give the appellate court jurisdiction where a defendant appeals pro se and is not advised on the entry of the judgment of the time within which he has to appeal. (See *People v. Brown,* 54 Ill.2d 25, 294 N.E.2d 267; *People v. Williams,* 59 Ill.2d 243, 320 N.E.2d 13.) However, the proceeding here is civil and, in any event, no such exigent circumstances appear.

For the reasons stated, we are without jurisdiction to consider plaintiff's contentions and we must dismiss this appeal.

■■ In view thereof, the Board's cross-appeal from the order of September 30, 1974, denying its motion to vacate the order reinstating this case, becomes a moot question (*La Salle National Bank v. City of Chicago,* 3 Ill.2d 375, 121 N.E.2d 486; *In re Creager,* 323 Ill.App. 594, 56 N.E.2d 649; 2 I.L.P. *Appeal & Error* § 22 (1953)), and it also is therefore dismissed.

Appeal and cross-appeal dismissed.

BARRETT, P. J., and LORENZ, J., concur.