PETER PORTOCK, Plaintiff-Appellant, *v.* ROBERT FREEMAN, Defendant-Appellee.

First District (5th Division)    No. 76-309

Opinion filed October 14, 1977.

Michael J. Dudek, of Worth, for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Norman J. Barry, Sr., Patrick J. Reynolds, and James M. Patek, of counsel), for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiff, Peter Portock, brought action against defendant, Robert Freeman, for injuries allegedly sustained on August 21, 1970, when plaintiff's car was struck from the rear by defendant's car. At trial, defendant admitted liability but denied that plaintiff had sustained any injuries resulting from the accident. On July 21, 1975, the jury returned a verdict in favor of plaintiff but awarded him zero damages; judgment was entered on the verdict. Plaintiff's motion for a new trial was denied and he appeals.

A detailed review of evidence and plaintiff's contentions on appeal is unnecessary because we have determined that the instant appeal must be dismissed. Only the procedural history of the case following judgment is necessary to our decision today.

Following entry of the judgment on July 21, 1975, plaintiff obtained three separate extensions of time in which to file his post-trial motion. While only one such extension is reflected in the record, both parties agree that plaintiff's three motions for extensions were timely. The third extension, granted on October 10, ordered plaintiff to file his post-trial motion with the court on or before November 5, 1975, with a subsequent hearing date of November 12, 1975, established by the trial court. Plaintiff did not file his motion until November 12, which filing was objected to by defendant on grounds of timeliness. After arguments the trial court entered the following order:

> "* * * That plaintiff's motion for a new trial is hereby denied. It is further found that plaintiff did not file said motion until November 12, 1975 and that defendant's attorney has raised an objection to the timeliness of said motion and this court's jurisdiction to entering an order upon the same and this court makes no ruling upon defendant's objections in order that the same issue may be included in an appeal of this cause and determined by the appellate court over the attorney for plaintiff's objection."

Plaintiff also appeals from this order of November 12 denying his motion for a new trial.

OPINION

Plaintiff in the instant case has not complied with the procedural methods for perfecting an appeal and preserving questions for review. Initially, we consider whether the appeal has been properly taken so as to invoke our jurisdiction. See *Artoe v. Illinois Bell Telephone Co.* (1975), 26 Ill. App. 3d 483, 325 N.E.2d 698.

■■ The timely filing of a notice of appeal is mandatory and jurisdictional. (*Norris v. Board of Fire & Police Commissioners* (1975), 30 Ill. App. 3d 224, 332 N.E.2d 553; Ill. Rev. Stat. 1975, ch. 110A, pars. 301, 303(a).) In the instant case, plaintiff's notice of appeal filed on December 4, 1975, was not timely, and thus this court is without jurisdiction to hear this appeal.

Supreme Court Rule 303(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 303(a)) provides as follows:

> "* * *[T]he notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or nonjury case, within 30 days after the entry of the order disposing of the motion. * * *." (Emphasis added.)

The key word here is timely. Clearly, plaintiff's notice of appeal was not

filed within 30 days of the July 21 judgment. In addition, however, since plaintiff's post-trial motion was not timely filed, the alternative provision for filing the notice of appeal within 30 days after disposing of the motion is not here applicable.

■■ Section 68.1(3) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 68.1(3)) provides as follows:

> "Post-trial motions must be filed *within* 30 days after the entry of judgment or the discharge of the jury, if no verdict is reached, or *within* any further time the court may allow within the 30 days or any extensions thereof. * * *." (Emphasis added.)

In the instant case, the court allowed plaintiff up through November 5 to file his post-trial motion; however, plaintiff failed to comply with the court's order. Therefore, on November 12, when the motion was filed, the trial court no longer retained jurisdiction to entertain it on its merits. (*Stauffer v. Held* (1974), 16 Ill. App. 3d 750, 306 N.E.2d 877.) Thus, the fact that plaintiff's notice of appeal was filed within 30 days of the November 12 order of the trial court, which denied the post-trial motion, is not sufficient to invoke this court's jurisdiction to review the judgment of July 21. Therefore, the appeal from the order of July 21 must be dismissed. (See *Fultz v. Haugan* (1971), 49 Ill. 2d 131, 305 N.E.2d 873; *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 255 N.E.2d 900, *cert. denied,* 400 U.S. 941; *Green v. Green* (1974), 21 Ill. App. 3d 396, 315 N.E.2d 324.) As to the order of November 12, our observation that the motion for a new trial was not timely filed indicates that the court's denial thereof was, in fact, the proper disposition, even though such denial should not have been based on the merits of plaintiff's motion. See *Fultz v. Haugan.*

Plaintiff contends that the trial court's setting a hearing date of November 12 indicates that the court intended to retain jurisdiction of the case through that date. We disagree. The trial court set November 5 as the filing date and set November 12 only as the date on which a hearing would be held on any timely post-trial motion, *i.e.,* filed by or on November 5. No such motion was filed and thus plaintiff failed to comply with the requirements of section 68.1(3), that post-trial motions be filed *within* any granted extension of time.

Plaintiff concedes before this court that he should have filed his motion on November 5, but contends that he believes he obtained oral permission from the trial court on November 12 to file on that date. No such additional extension of time is reflected by the record, and in addition, the granting of such an extension after November 5 would be without effect. After that date the trial court was also without jurisdiction to grant an additional extension of time. *Stauffer v. Held.*

■■■ Although the foregoing, without more, requires dismissal of this

appeal, we also note that plaintiff's failure to file a timely motion for a new trial has the same effect as if no such motion were filed at all. Assuming *arguendo*, therefore, that this court's jurisdiction was properly invoked, the applicable rule would be that a party who fails to file a motion for a new trial waives his right to further seek such a new trial. (Ill. Rev. Stat. 1975, ch. 110, par. 68.1(5); *Farnsworth v. Shops Building* (1966), 77 Ill. App. 2d 44, 222 N.E.2d 132; see also *Gregory v. Williams* (1973), 14 Ill. App. 3d 905, 303 N.E.2d 621.) Under such circumstances, courts of review have either dismissed the appeal or summarily affirmed the judgment without considering the merits of the appeal. (Compare *Gregory v. Williams*, with *Farnsworth v. Shops Building* and *Roberson v. Leak* (1966), 72 Ill. App. 2d 11, 218 N.E.2d 819.) Such action would be appropriate in the instant case.

Lastly, we note that the requirements of Supreme Court Rules 323 and 326 (Ill. Rev. Stat. 1975, ch. 110A, pars. 323 and 326) concerning the certification and filing of the report of proceedings, and the filing of the record on appeal, have not been satisfied. It is well settled that such rules have the force of law and are binding on both the court and litigant. *Shive v. Shive* (1970), 130 Ill. App. 2d 811, 263 N.E.2d 713.

Rule 323(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 323(b)) provides that the report of proceedings shall be certified and filed in the trial court within 49 days after filing the notice of appeal. However, Rule 323(e) (Ill. Rev. Stat. 1975, ch. 110A, par. 323(e)) provides that any judge may extend the time for filing the report of proceedings

> "* * * on motion made *within* the time provided by this rule or any extension thereof. The extensions of time granted in the trial court for filing the report of proceedings shall not aggregate more than 42 days in addition to the 49 days allowed by this rule. Further extensions of time may be granted *only by* the reviewing court or a judge thereof on motion made *before* the expiration of the original or extended time, or on motion filed *within* 35 days thereafter * * *." (Emphasis added.)

■■ In the instant case notice of appeal was filed on December 4, 1975. The report of proceedings was not filed until May 3, 1976. On February 2, 1976, plaintiff moved for an extension of time within which to file a report of proceedings, which motion was granted by the trial court on February 5. However, since plaintiff's motion was made not within, but after expiration of, the allowed initial 49-day period, the trial court was without authority to grant this extension. (*Lukas v. Lukas* (1942), 381 Ill. 429, 45 N.E.2d 869; *Hambley v. Conroy* (1956), 11 Ill. App. 2d 568, 138 N.E.2d 64.) Thus, the order of February 5, based on plaintiff's untimely motion, was void and without effect. (*Ticktin v. Verunac* (1965), 64 Ill. App. 2d

122, 212 N.E.2d 302.) This failure to obtain an effective extension means that plaintiff only had the initial 49 days within which to file his report of proceedings, which he clearly did not do.

Plaintiff points out that on March 4, 1976, he filed with this court another motion for an extension of time within which to file a report of proceedings up to and including May 4, 1976. On March 19 this court granted said motion. However, since the extension granted by the trial court was without effect, plaintiff's motion to this court on March 4 was not timely. Rule 323(e) specifically states such motions to the reviewing court must be made "before the expiration of the original * * * time, or on motion filed within 35 days thereafter * * *." Thus, in the instant case plaintiff's motion to this court should have been made by February 26, 1976. It was not, and under the rule our subsequent action on the motion filed on March 4 was ineffective to grant an extension of time for filing the report of proceedings. See *Hambley v. Conroy.*

Since no valid extension was obtained for filing the report of proceedings, the record on appeal was not timely filed. Supreme Court Rule 326 requires that the record on appeal shall be filed within 63 days after the filing of the notice of appeal or, if the time for filing a report of proceedings has been extended, within 14 days after the expiration of the extended time. The filing of the record on appeal on May 11, 1976, was not within 63 days of the notice of appeal.

Where compliance has not been had with Rules 323 and 326, the appropriate action is to dismiss the appeal or summarily affirm without considering the merits of the case. Compare *Renfield Importers, Ltd. v. Modern Liquors, Inc.* (1973), 55 Ill. 2d 546, 304 N.E.2d 626; *In re Estate of Meirink* (1957), 11 Ill. 2d 561, 144 N.E.2d 591; and *Ticktin v. Verunac*, with *Lukas v. Lukas; Johnson Ford Co., Inc. v. Lewan* (1966), 71 Ill. App. 2d 420, 218 N.E.2d 893; and *Hambley v. Conroy.*

For the reasons stated, the order of the circuit court of Cook County denying plaintiff's motion for new trial is affirmed and the instant appeal is dismissed.

Order affirmed; appeal dismissed.

LORENZ and WILSON, JJ., concur.