NANCY SCHNEIDER, Adm'r of the Estate of Terri Schneider, Deceased, *et al.*, Plaintiffs-Appellants, *v.* VINE STREET CLINIC *et al.*, Defendants-Appellees.

Fourth District    No. 15344

Opinion filed November 14, 1979.

CRAVEN, J., dissenting.

Jerome Mirza & Associates, Ltd., of Bloomington, for appellant.

McConnell, Kennedy, Quinn and Johnson, of Peoria (R. Michael Henderson, of counsel), and Heyl, Royster, Voelker & Allen, of Springfield (Gary M. Peplow, of counsel), for appellees.

Sandra G. Nye, of Oak Park, for *amicus curiae*.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Plaintiffs appeal from an order of the trial court which dismissed plaintiffs' amended complaint with prejudice under a written memorandum of findings that there was a failure to state a cause of action in terms of duty and proximate cause.

The order of dismissal was entered December 27, 1978. The notice of appeal and proof of service of that notice each bear the circuit clerk's stamped filing date of January 29, 1979. The 30th day for purposes of filing the timely notice of appeal is January 26, 1979.

■■ Upon its own motion this court issued a rule to show cause why the

appeal should not be dismissed for failure to file a timely notice of appeal. Plaintiffs' response to the motion states that the notice of appeal was deposited in the United States mail, addressed to the clerk of the circuit court, on January 26, 1979. We take judicial notice that January 26, 1979, was a Friday. Counsel addressed the issue at oral argument and this court dismissed from the bench.

Supreme Court Rule 303(a) (58 Ill. 2d R. 303(a)), states that:

"Except as provided in paragraph (b) below, the notice of appeal *must be filed with the clerk of the circuit court* within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the motion." (Emphasis supplied.)

The rule is mandatory in its language and terms and it is consistently held that the timely filing of the notice of appeal is "mandatory and jurisdictional." *Portock v. Freeman* (1977), 53 Ill. App. 3d 1027, 369 N.E.2d 201; *Norris v. Board of Fire & Police Commissioners* (1975), 30 Ill. App. 3d 224, 332 N.E.2d 553.

Plaintiffs cite *In re Rauch* (1977), 45 Ill. App. 3d 784, 359 N.E.2d 894, as suggesting that the reviewing court has the "power" to consider this appeal even though the filing of the notice did not meet the terms of the rule. In *Rauch*, parental rights were terminated. Counsel appointed by the court asked that the time for appeal by the parents be extended to 50 days, and the State's Attorney suggested that such provision be incorporated into the order. The State's Attorney thereafter moved to dismiss the appeal for want of a timely notice. The appellate court stated that the trial court had exceeded its authority in extending the time to file a notice of appeal, but denied the motion to dismiss upon "the broad concept that a party whose own conduct contributes or causes another to commit an irregularity in judicial procedure, cannot later twist that irregularity to his own advantage." (45 Ill. App. 3d 784, 787, 359 N.E.2d 894, 896.) Such considerations are not present here.

Plaintiffs also cite the provisions of Supreme Court Rule 303(e) (58 Ill. 2d R. 303(e)):

"On motion supported by a showing of reasonable excuse for failure to file a notice of appeal, on time, accompanied by the proposed notice of appeal, filed in the reviewing court within 30 days of the expiration of the time for filing a notice of appeal, the reviewing court may grant leave to appeal and order the clerk to transmit the notice of appeal to the trial court for filing."

Such rule requires a showing of reasonable cause and the granting of leave to file a late notice of appeal becomes a matter of judicial discretion upon consideration of the reasons for delay. A notice of appeal,

which is not timely filed, cannot be treated as such a motion under that rule.

■■ Supreme Court Rule 11 provides that in the trial court there may be service by mail of papers other than the process and the complaint, and Rule 12(c) provides the effective date for papers which are so mailed. Supreme Court Rule 373 (58 Ill. 2d R. 373) provides that papers to be filed in the reviewing court by a specified date may be filed by deposit in a United States Post Office with a postmark as evidence of compliance. No rule providing for the use of mail undertakes to modify the mandatory language of Supreme Court Rule 303(a). For such reason the appeal is dismissed.

Dismissed.

REARDON, P. J., concurs.

Mr. JUSTICE CRAVEN, dissenting:
I dissent. The majority opinion transposes the rules of procedure into a snare and a trap for the unwary.

The notice of appeal in this case was due to be filed in the trial court on January 26, 1979. It was not filed on that date, but it was, in fact, placed in the mail on that date, properly addressed to the circuit clerk. It was received after the due date and filed notwithstanding the fact that it was late. This late filing was not noted by anyone until this court raised the issue. The appellants' time for petition to seek leave to file a late notice of appeal was lost by reason of the fact that the circuit clerk filed the appeal after the permissible filing date.

Supreme Court Rule 12 (58 Ill. 2d R. 12) authorizes the service of process by mail and the filing of papers in the appellate court by mail, the filing date being the date mailed. The postmarked date is the date of constructive as well as actual filing. There is no corresponding provision for filing by mail in the trial court.

In a case most analogous to this one, *In re Estate of Eiberger* (1977), 49 Ill. App. 3d 1129 (order under Supreme Court Rule 23), the court dismissed an appeal because of the plaintiff's failure to file a timely notice of appeal. In *Eiberger*, the plaintiff mistakenly mailed the notice of appeal to the appellate court for filing. That was done within the time specified. The clerk of the appellate court thereafter mailed the notice of appeal to the trial court for filing. By the time this was done, the 30-day period for filing had passed. No matter how you look at it, the notice of appeal in *Eiberger* was not tendered for filing until after the 30 days had expired. There, as here, the error was not discovered until after the time for filing a late notice of appeal had expired. In *Eiberger*, this court,

sitting by assignment in the Third District, dismissed the appeal as the majority does here. The supreme court granted leave to appeal and in a supervisory order told us we were wrong and told us to reinstate the appeal. In its order of January 26, 1978 (Docket No. 50090), the supreme court succinctly stated:

> "In the appeal from the Circuit Court of LaSalle County the notice of appeal was erroneously sent to the Clerk of the Appellate Court, instead of the Clerk of the trial court, within the 30-day period for filing such notice of appeal. The Clerk of the Appellate Court sent it to the trial court after the 30-day period expired, and the Appellate Court dismissed the appeal for failure to file the notice within time. The petition for leave to appeal is allowed and, in the exercise of this Court's supervisory jurisdiction, the Appellate Court is directed to reinstate the appeal."

The action that the supreme court took in the *Eiberger* case is appropriate here. Here, as there, the notice of appeal did not get to the trial court on time. Here, as there, the time for a petition for a late notice of appeal expired before the purely clerical error was discovered. Here, as there, the clerical error does not work an injustice upon the appellee, and as a matter of fact, here, as there, the court, not the party, discovered the clerical error. (See also *People v. Brown* (1973), 54 Ill. 2d 25, 294 N.E.2d 267.) The majority opinion exalts form over substance and I dissent.