FAIRFAX FAMILY FUND, INC., Plaintiff-Appellee, *v*. EDWARD COUCH *et al.*, Defendants-Appellants.—*In re* MARRIAGE OF ROSLYN ANN NEWELL, Plaintiff-Appellee, and THERON HENRY NEWELL, Defendant-Appellant.

Fifth District    Nos. 81-32, 81-182 cons.

Opinion filed February 2, 1982.

Stephen Davis, of Charleston, for appellant Theron Henry Newell.

James Eric Tohtz, of Paducah, Kentucky, for appellants Edward Couch *et al.*

Ryan, Grabb, Cini & Bennett, of Mattoon (Laurence W. Grabb and Kevin H. Kahl, of counsel), for appellee Roslyn Ann Newell.

John Speroni, of Garrison & Garrison, of Marion, for appellee Fairfax Family Fund, Inc.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

The instant appeals, consolidated for opinion, present the issue of whether papers filed in the trial court by mail are deemed to be filed when mailed or only when received by the circuit clerk.

In *Fairfax Family Fund, Inc. v. Couch* (*Couch*), an action for the balance allegedly due on a promissory note, plaintiff filed a motion for summary judgment which was granted in defendant's absence on July 25, 1980. Defendants then filed a motion to vacate summary judgment pursuant to sections 50(5) and 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, pars. 50(5), 68.3). The last day of the 30-day period allowed for filing such a motion was August 24, 1980, a Sunday. Defendants'

motion was mailed on August 25, with a postmark of that date, but was not received and filed-stamped by the circuit clerk until August 26. The circuit court ruled that August 26 was the date of filing and denied defendants' motion as not being timely filed.

In the second case before us in this appeal, *In re Marriage of Newell* (*Newell*), plaintiff sought a modification of defendant's child-support obligation which the circuit court granted after an evidentiary hearing. Defendant petitioned for and received a rehearing on March 31, 1981. On that date, the court affirmed its previous order increasing child support. Defendant filed a notice of appeal on May 1, 1981, the 31st day after entry of the March 31 order. This court, on its own motion, issued a rule to show cause why the appeal should not be dismissed pursuant to Supreme Court Rule 303(a) (73 Ill. 2d R. 303(a)). At oral argument, defendant stated that the notice of appeal was mailed within the 30-day period and urged this court to consider it filed as of the date of mailing.

The Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 1 *et seq.*), which controls all aspects of a civil proceeding, does not address the filing of papers in the trial court by mail so as to define what constitutes "filing" in such a case. Likewise, the Supreme Court Rules (73 Ill. 2d R. 1 *et seq.*; 79 Ill. 2d R. 11 *et seq.*; 81 Ill. 2d R. 10 *et seq.*) adopted pursuant to the Act contain no provision for filing by mail in the trial court; although Rule 373 (81 Ill. 2d R. 373) provides for constructive filing as of the date of mailing for papers filed in a reviewing court. Absent a rule to the contrary, uniform practice in the trial court has been to require actual receipt by the circuit clerk, as evidenced by a file stamp, before a paper is considered "filed." (*Hamilton v. Beardslee* (1869), 51 Ill. 478; see *Radloff v. Haase* (1902), 197 Ill. 98, 64 N.E. 557; 1 Nichols Illinois Civil Practice §380, at 406 (1976).) Under this standard, it is not sufficient for filing to show that a pleading was mailed to the clerk within the applicable time period; rather, the paper must be delivered to the clerk to be made part of the court records. *Okumura v. Nisei Bowlium, Inc.* (1976), 43 Ill. App. 3d 753, 357 N.E.2d 187.

■■ In the instant appeals, however, appellants request this court to find the general statute providing for constructive receipt of papers and payments mailed to the State and its political subdivisions (Ill. Rev. Stat. 1979, ch. 1, par. 1026) applicable to the filing of papers in a legal proceeding. Section 1.25 of "An Act to revise the law in relation to the construction of the statutes" states in pertinent part:

> "Unless An Act otherwise specifically provides, any writing of any kind or description required or authorized to be filed with, and any payment of any kind or description required or authorized to be paid to, the State or any political subdivision thereof, by the laws of this State:

(1) if transmitted through the United States mail, shall be deemed filed with or received by the State or political subdivision on the date shown by the post office cancellation mark stamped upon the envelope or other wrapper containing it; * * *." (Ill. Rev. Stat. 1979, ch. 1, par. 1026.)

The applicability of section 1.25 to the filing of papers in the trial court is an issue of first impression, as we know of no instance where it has been so construed. (*Cf. Alton v. Byerly Aviation, Inc.* (1977), 68 Ill. 2d 19, 368 N.E.2d 922, where section 1.25 was applied to define effective date of filing for notice mailed to the Illinois Industrial Commission; *In re Application of Du Page County Treasurer* (1980), 84 Ill. App. 3d 506, 405 N.E.2d 869, where counties were held to be "political subdivisions" within meaning of this section so that redemption payments mailed to the county treasurer were deemed to be received as of date of mailing.) Appellants argue that because the Civil Practice Act does not "otherwise specifically provide" for filing papers in the trial court by mail, section 1.25 applies by its terms to define the effective date of filing for such papers. After due consideration of the scope and purpose of the rules governing civil procedure (*i.e.*, the Civil Practice Act and the Supreme Court Rules) and the potential effect of incorporating section 1.25 to define "filing" under these provisions, we find appellants' arguments to be without merit and accordingly hold that section 1.25 is inapplicable to the situation of filing by mail in the trial court.

The broad scope of the Civil Practice Act is defined in section 1 of the Act (Ill. Rev. Stat. 1979, ch. 110, par. 1), which states that its provisions apply to all civil proceedings not regulated by separate statutes (*e.g.*, proceedings in attachment, ejectment, etc.). As to matters not so regulated, "the practice at common law and in equity prevails." Section 4 of the Act (Ill. Rev. Stat. 1979, ch. 110, par. 4) further provides:

"No statute hereafter enacted shall be construed to limit or affect the provisions of this Act or the rules adopted in accordance herewith, unless expressly declared to supersede or take precedence of designated provisions thereof or designated rules adopted pursuant thereto."

Section 1.25, which was enacted in 1969,[1] contains no reference to the Civil Practice Act which would indicate that it was intended to qualify the provisions of the Act. Although the Civil Practice Act does not specifically define what constitutes "filing" under the Act, the application of section

---

[1] Section 1.25 was added to "An Act to revise the law in relation to the construction of statutes" by Public Act 76-1111, effective August 28, 1969, as paragraph 1.25 of chapter 131 of the Illinois Revised Statutes. In 1979, it was renumbered and transferred to chapter 1 as paragraph 1026.

1.25 to its terms would have the effect of modifying the common law rule of actual filing incorporated by reference in section 1 of the Civil Practice Act. Such an exception would logically extend to the filing of all pleadings in the trial court, including complaints constructively "filed" by mailing within the applicable statute of limitations. We find this to be untenable in light of the language of section 4 of the Civil Practice Act, which limits the effect of subsequent statutes on the provisions of the Civil Practice Act and the Supreme Court Rules.

A consideration of the constructive filing rule for papers mailed to a *reviewing* court (81 Ill. 2d R. 373) provides support for our conclusion that section 1.25 is inapplicable to papers filed in a trial court. The original Committee Comments accompanying Rule 373 indicate that it constitutes an exception to the rule of actual filing required in the case of notices of appeal or other papers filed in the trial court. (See Ill. Ann. Stat., ch. 110A, par. 373, Committee Comments, at 501 (Smith-Hurd 1976).) Rule 373 was designed to allow attorneys located at a distance from the reviewing court to file papers within the appropriate time period without having to ensure that the papers actually reach the court on time (Committee Comments). While it may be possible to justify a similar rule for papers filed in the trial court, we feel this is a matter more appropriately dealt with by means of Supreme Court Rule.

Finally, the difficulty of proof of mailing under section 1.25 leads us to reject its application to civil proceedings on policy grounds. Section 1.25(2) provides a special procedure by which time of mailing may be proved if a paper is mailed but not received by the State or political subdivision, or if it is received without a cancellation mark or with an illegible or erroneous cancellation mark. In such a case, the sender may

"[establish] by competent evidence that the writing or payment was deposited, properly addressed, in the United States mail on or before the date on which it was required or authorized to be filed or was due." (Ill. Rev. Stat. 1979, ch. 1, par. 1026(2).)

In these situations, then, a factual finding would be necessary to determine when or whether a pleading had been "filed." To require such an evidentiary hearing would, we feel, subject the court system to abuse by creating disorder and delay.

It is significant that Rule 373 (as amended effective February 1, 1981) provides for no such procedure, but states only that:

"[p]roof of mailing shall be made by filing with the clerk a certificate of the attorney, or affidavit of a person other than the attorney, who deposited the paper in the mail, stating the date and place of mailing and the fact that proper postage was prepaid, or a United States Postal Service certificate of mailing." (81 Ill. 2d R. 373.)

The Committee Comments accompanying the Rule as amended note that this provision was necessary to remedy the problem of legibility of postmarks for papers filed by mail with the reviewing court.

This relatively simple and efficient method of proof serves to highlight the inappropriateness of the section 1.25 procedure for papers filed in a trial court. For this reason and those stated above, we hold that section 1.25 is inapplicable to abrogate the common law rule of actual filing for papers filed in the trial court by mail.

■■ Pursuant to this holding, we affirm the trial court's order in *Couch* denying defendant's motion to vacate summary judgment. Because a trial court's jurisdiction over a cause terminates upon passage of 30 days after entry of a final order (see *Weilmuenster v. H.H. Hall Construction Co.* (1979), 72 Ill. App. 3d 101, 390 N.E.2d 579), the court in *Couch* had no jurisdiction to consider defendant's motion filed more than 30 days after final judgment.

■■ ■ Likewise, this court's jurisdiction over the appeal in *Newell* depends upon the filing of a notice of appeal in the trial court within 30 days after entry of judgment or entry of an order disposing of a post-trial motion. (73 Ill. 2d R. 303(a).) It has been consistently held that the timely filing of a notice of appeal is "mandatory and jurisdictional." (*Portock v. Freeman* (1977), 53 Ill. App. 3d 1027, 369 N.E.2d 201; *Norris v. Board of Fire & Police Commissioners* (1975), 30 Ill. App. 3d 224, 332 N.E.2d 553.) We have found section 1.25 to be inapplicable to modify the mandatory language of Rule 303(a). (*Cf. Schneider v. Vine Street Clinic* (1979), 77 Ill. App. 3d 946, 397 N.E.2d 194, where the court declined jurisdiction of an appeal filed by mailing notice of appeal which was not received until 33 days after judgment.) Defendant's notice of appeal filed in the trial court more than 30 days after final judgment is insufficient to vest this court with jurisdiction, and we accordingly dismiss the appeal for lack of jurisdiction pursuant to Supreme Court Rule 303(a) (73 Ill. 2d R. 303(a)).

Judgment in No. 81—32 affirmed.

Appeal in No. 81—182 dismissed.

KASSERMAN and HARRISON, JJ., concur.