First Finance Company, Plaintiff-Appellee, v. Hugh Ross and Margaret M. Ross, Individually and d/b/a Triangle Refrigeration Engineers, Defendants-Appellants.

Gen. No. 50,657.

First District, Fourth Division.

October 15, 1965.

Carl J. Greenberg, of Chicago, for appellants.

Masor, Baime & Gainer, of Chicago, for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Defendants appeal from a judgment entered in favor of plaintiff for conversion of the latter's property, with a special finding of malice against defendant Hugh Ross. Plaintiff filed objections to various motions of the defendants and in addition filed a countermotion requesting this court to dismiss the appeal on the ground that defendants failed to file the necessary record on appeal within the requisite time.

The relevant facts are not in dispute. On March 12, 1965, the trial court entered the judgment for conversion; on March 31 defendants' trial counsel, John W. Bennett, filed a motion for a new trial or in the alternative for judgment in defendants' favor, which was denied on April 2; on April 3 a notice of appeal from the judgment was filed on behalf of defendants by Bennett; on May 28 an "amended" notice of appeal was filed by Carl J. Greenberg, an attorney subsequently engaged by defendants; on June 1 the trial court on defendants' motion purported to extend for 30 days the time for defendants to file the report of proceedings and the record on appeal; on July 1 the record on appeal was filed.

In support of its motion to dismiss this appeal plaintiff contends that pursuant to Supreme Court Rule 36 * the time allowed for filing the report of proceedings expired on May 23 (50 days after filing the notice of appeal); that the trial court thereafter lacked jurisdiction to extend the filing dates; consequently the order of June 1 is void ab initio. In opposition to plaintiff's motion, defendants assert that Bennett had no authority to file a notice of appeal in that he was discharged as their attorney prior to the hearing on defendants' motion for a new trial; that Greenberg was subsequently engaged as their attorney to prosecute their appeal; that in further-ance of his undertaking Greenberg reviewed the file of this cause but did not discover that a notice of appeal had been filed, nor did he otherwise have knowledge thereof; that when Greenberg attempted to file a notice of appeal on May 28 he was then informed of the prior notice by the Clerk's Office and therefore filed an "amended notice"; that notwithstanding Bennett's lack of authority the April 3 notice of appeal was so defective as to constitute a nullity and should be stricken from the record; that the record was completed and filed in this court within 30 days of the June 1 order and within the requisite time under the "amended notice"; and that de-fendants' attorney was not culpably negligent.

██ Supreme Court Rule 36(1)(c) provides that the report of proceedings be duly certified by the trial court and filed within 50 days after the notice of appeal shall have been filed; that the court may extend this period upon application made before the expiration thereof. Section 2(d) of the rule provides that the record on appeal shall be filed in the reviewing court not more than 60 days after filing the notice of appeal; but, "if the time for

---

* Ill Rev Stats (1963) ch 110, § 101.36. Under Rule 5 of the Rules of Practice of the Appellate Court, First District, procedural matters shall be as provided in Rules of the Supreme Court with certain exceptions not here pertinent.

filing the report of proceedings is extended, the time within which the record on appeal must be filed is without the necessity of an order extended 10 days beyond the extended time for filing the report of proceedings." Rule 36(2)(g) requires an appeal to be dismissed upon failure to file the record in the reviewing court within the allotted time. That part of the trial court's June 1 order extending the time for 30 days to file the record is ineffective. As stated in McDonald v. McDonald, 351 Ill App 432, 436, 115 NE2d 567:

> Supreme Court Rule 36 vests no authority in the trial court to extend the time for filing the record on appeal, other than that which automatically results from an order extending the time to file the report of proceedings. . . .

The 30-day extension purported to have been granted defendants by the trial court on June 1 to file the report of proceedings was void because that court had no jurisdiction to grant an extension where the application therefor was made after the expiration of the original 50 day period. Ticktin v. Verunac, 64 Ill App2d 122, 212 NE 2d 302; Grossi Brothers, Inc. v. Schmidt, 44 Ill App 2d 228, 194 NE2d 557. The reasons for failing to file a report of proceedings within the 50-day period are irrelevant. People v. Wabash R. Co., 388 Ill 312, 57 NE2d 795. The report of proceedings under the April 3 notice of appeal was due to be filed duly certified, on or before May 23. This time not having been extended, the record was due to be filed in this court on or before June 2 but was not filed until July 1. Therefore, unless the April 3 notice of appeal is stricken from the record and the "amended" notice (filed May 28) be considered the only valid notice of appeal, the appeal should be dismissed.
 ■ Defendants moved that the notice of appeal filed on April 3 be so stricken and contend that the "amended" notice is controlling because (1) Bennett lacked authority

477

to file said notice, and (2) the notice is so defective as to constitute a nullity. In support thereof defendant Hugh Ross filed an affidavit alleging that Bennett was discharged prior to the hearing upon defendants' motion for a new trial and was never authorized to file said notice. In its objections plaintiff points out that Bennett was present in open court on April 2 while another attorney argued defendants' aforesaid motion; though Hugh Ross was present at that time there was no motion or even suggestion presented to the court relating to Bennett's dismissal; nor was any made in this court prior to the filing of defendants' motions of August 24, 1965. Moreover, upon discovering the first notice of appeal, defendants' attorney Greenberg did not contend that it was filed without authority but filed an "amended" notice. Therefore we cannot accept defendants' contention that Bennett lacked authority to file the notice of appeal on April 3.

 Defendants' argument that the April 3 notice of appeal is grossly deficient and therefore a nullity is likewise without merit. The purpose of a notice of appeal is to inform the party in whose favor a judgment or decree has been rendered that the unsuccessful party desires a review of the case by a higher tribunal. People v. New York Cent. R. Co., 391 Ill 377, 63 NE2d 405. Although not in strict compliance with Supreme Court Rule 33, the April 3 notice of appeal met that basic purpose. The "amended" notice of appeal of May 28 was filed without notice and without leave of court in violation of Supreme Court Rule 33 (5) :

> It [the notice of appeal] may on written motion be amended to supply any of the foregoing requisites which may have been omitted or incorrectly stated. If the record on appeal has been transmitted to the reviewing court, the application for leave to amend the notice of appeal shall be made

478

in that court,' otherwise application shall be made in the trial court.

Moreover, that rule also states that amendments relate back to the time the notice of appeal was filed. Therefore even if a proper amendment had been obtained, defendants were still late in the filing of the record. A second notice of appeal is a nullity. Lanquist v. Grossman, 282 Ill App 181.

We find that a proper notice of appeal was filed on April 3, 1965, that it should not be stricken from the record, that the record was not filed in proper time, and therefore defendants' appeal is dismissed.

The order of August 20, 1965, staying capias ad satisfaciendum is terminated.

Appeal dismissed.

McCORMICK, P. J. and ENGLISH, J., concur.