COMPUTER TEACHING CORPORATION, Plaintiff-Appellant, v. COURSEWARE APPLICATIONS, INC., Defendant-Appellee (Paul Tenczar, Respondent-Appellant).

Fourth District   No. 4—89—0377

Opinion filed November 30, 1989.

Marc J. Ansel, of Erwin, Martinkus, Cole & Ansel, Ltd., of Champaign, for appellants.

Robert G. Kirchner, of Lerner & Kirchner, of Champaign, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

This case comes to us on appeal from a contempt order entered by the circuit court of Champaign County. The plaintiff Computer Teaching Corporation (CTC) was held in contempt for disobeying a court order entered in litigation between CTC and defendant Courseware Applications, Inc. (CAPP). We affirm.

CTC and CAPP entered into a joint venture to develop computer programs. The parties later signed a royalty agreement which terminated the joint venture. This agreement provided defendant would assign all of its rights in the jointly developed programs to plaintiff in return for royalty payments to be paid by plaintiff upon marketing the programs.

On January 20, 1987, the plaintiff filed a complaint for declaratory relief in the circuit court of Champaign County. The complaint generally alleged the defendant was marketing software deceptively similar to that produced by the joint venture in violation of the royalty agreement. In the complaint, the plaintiff sought declaratory judgment which would relieve it of any obligations to pay royalty payments to defendant. In addition, count II of the complaint asked for monetary damages in an amount equal to the royalties paid by the plaintiff to the defendant.

Subsequent to the initiation of litigation and the filing of a counterclaim by the defendant, the parties entered into an escrow agreement on August 24, 1987. The parties agreed royalty payments would be made into an escrow account and be held until the conclusion of litigation or the joint agreement of the parties. On April 18, 1988, in response to plaintiff's refusal to make payments, the defendant filed a motion to compel compliance with the escrow agreement. Attached to the motion was a letter from the plaintiff's attorney to the defendant indicating the plaintiff believed the defendant was dragging its feet on pretrial discovery. For this reason, the letter stated, plaintiff refused to make further payments into the escrow account. On December 30, 1988, the judge presiding ordered the plaintiff to deposit the royalties due into the escrow account until further order by the court. The court retained jurisdiction of the matter to ensure enforcement. On February 24, 1989, the court ordered all sums due should be deposited within 30 days of February 20, 1989. On April 10, 1989, the court found the plaintiff and its president Paul Tenczar in contempt of court for failure to make the required deposits and fined each of them $100. On May 5, 1989, a notice of appeal was filed.

■ The plaintiff on appeal maintains the trial court improperly entered a finding of contempt against it because the court lacked jurisdiction to enforce the escrow agreement. A judgment of contempt cannot be sustained on review where the underlying order is void because the court lacked subject-matter or personal jurisdiction. *Jenner v. Wissore* (1988), 164 Ill. App. 3d 259, 517 N.E.2d 1220.

The plaintiff contends the order requiring compliance with the escrow agreement was void because this agreement was collateral to the matter before the court. The court's order found the escrow agreement was a partial resolution of some of the matters before the court. The escrow agreement simply provides for the handling of disputed funds during the course of litigation. Despite the finding of the trial court, the agreement is not a settlement of any kind.

■ ■ The error of the circuit court does not entitle the plaintiff to reversal of the contempt order. A reviewing court may sustain the decision of a trial court on any grounds called for by the record, regardless of whether the circuit court made its decision on proper grounds. (*Estate of Johnson v. Condell Memorial Hospital* (1988), 119 Ill. 2d 496, 520 N.E.2d 37.) Here, the fundamental question is whether the court had jurisdiction over the matters contained in the escrow agreement. If a justiciable controversy exists and any statutory conditions precedent are met, a circuit court has subject-matter jurisdiction. (*In re Gray* (1985), 131 Ill. App. 3d 401, 475 N.E.2d 1116.) We find the circuit court's exercise of jurisdiction was proper.

In *American Re-Insurance Co. v. MGIC Investment Corp.* (1979), 73 Ill. App. 3d 316, 391 N.E.2d 532, the appellate court reviewed an escrow order of a circuit court requiring funds due between the parties in litigation to be paid into an escrow account. There, the appellate court upheld the escrow order, finding the funds in question were clearly subject to disposition by the court as part of its final order. The court wrote:

> "It is clear, however, that it is unnecessary to have a precedent for equitable relief before it will be granted. (*Johnson v. Johnson* (1973), 11 Ill. App. 3d 681, 297 N.E.2d 285.) The mere fact that no precedent can be found in which the requested relief has been granted under a similar state of facts 'is no reason for a court of chancery to shrink from action.' (*County of Cook v. Barrett* (1975), 36 Ill. App. 3d 623, 630, 344 N.E.2d 540, 547.) *** As we indicated, however, the fund at issue is composed of monies whose past and future payment under the re-insurance treaty is in dispute, and whose disposition will be dealt with in the trial court's final order. We cannot agree that by taking

steps to insure that the monies are preserved until that final ruling, the court abused the exercise of its equitable discretion. Additionally, we reject defendants' final argument that the *ex parte* deposit order denied them their constitutional right to due process of law. An *ex parte* order, which is clearly within the power of the court to enter, is by definition an order originally granted at the instance and for the benefit of one party, without notice to or contestation by any person adversely interested." *American Re-Insurance*, 73 Ill. App. 3d at 325-26, 391 N.E.2d at 539.

■ Clearly in this case, the funds to be deposited in the escrow account are not merely a collateral matter as the plaintiff would have it. The disposition of the royalty payments constitutes one of the major issues to be decided in this case. As in *American Re-Insurance*, the circuit court here would clearly have jurisdiction to enter an *ex parte* order requiring the parties to place the disputed funds in escrow. It follows the court could equally well employ its equitable powers to enforce an escrow agreement reached between the parties. The plaintiff's argument that the courts may enforce final agreements and compromise of claims does not require us to find the converse—that no other agreements made in the course of litigation are enforceable.

It is sound policy to encourage the type of escrow agreement reached between the parties here. It accrues to the benefit of both the litigants and the court when an amicable arrangement for the safeguarding of disputed funds is created. If the agreement is to serve its intended purpose, a trial court must have jurisdiction to enforce it. For this reason and because our case law provides sound precedent which governs this issue, we find the trial court had jurisdiction to enforce the agreement here.

■ ■ Courts have inherent power to enforce orders by way of contempt proceedings. (*In re G.B.* (1981), 88 Ill. 2d 36, 430 N.E.2d 1096.) It is well established that a litigant's disagreement with the court's decision does not excuse that party from the obligation to follow that decision. (*Welch v. City of Evanston* (1989), 181 Ill. App. 3d 49, 536 N.E.2d 866.) A contempt proceeding is an original, special proceeding collateral to and independent of the case in which the contempt arises. As long as the trial court has jurisdiction over the parties and subject matter, the trial court has jurisdiction to enter an order of contempt. (*People v. Draves* (1986), 149 Ill. App. 3d 657, 500 N.E.2d 1072.) As discussed above, the trial court had jurisdiction to enforce the escrow agreement between the parties. The plaintiff on

appeal raises no issue as to the merits of the order of contempt itself. It deliberately defied the court's order for the purpose of contesting the validity of the court's ruling on the escrow issue. This being the case, the plaintiff clearly was in contempt, and the circuit court's order is affirmed.

Affirmed.

McCULLOUGH, P.J., and SPITZ, J., concur.