KENNETH E. KAWA, Plaintiff-Appellant, v. HARNISCHFEGER CORPO-
RATION, Defendant and Counterdefendant and Counterplaintiff-Appellee
(Nabisco, Inc., Defendant and Counterplaintiff and Third-Party Plaintiff-Ap-
pellee; Wisconsin Bridge & Iron Co., Third-Party Defendant; St. Onge Ruff
Construction Managers, Inc., *et al.*, Third-Party Defendants and Counter-
defendants).

First District (3rd Division)   Nos. 1—88—1841, 1—88—3325 cons.

Opinion filed September 26, 1990.—Rehearing denied October 30, 1990.

Tom Leahy and Stephen Phalen, both of Leahy & Donovan, of Chicago, for appellant.

James P. DeNardo, Royce Glenn Rowe, and Christine L. Olson, all of McKenna, Storer, Rowe, White & Farrug, of Chicago, for appellee Nabisco, Inc.

Thomas H. Fegan, of Johnson, Cusack & Bell, Ltd., of Chicago, for appellee Harnischfeger Corporation.

PRESIDING JUSTICE CERDA delivered the opinion of the court:

Plaintiff, Kenneth E. Kawa, is appellant in two consolidated appeals from the entry of summary judgment on his negligence count against defendants, Harnischfeger Corporation (Harnischfeger) and Nabisco Brands, Inc. (Nabisco). Harnischfeger moved to dismiss the appeal in which it is appellee on the ground that plaintiff filed his notice of appeal late; the motion has been taken with the case. Nabisco has not moved to dismiss the appeal in which it is appellee, but the issue of this court's jurisdiction over this appeal is also addressed.

I. JURISDICTION OVER APPEAL FROM SUMMARY JUDGMENT ENTERED IN
FAVOR OF HARNISCHFEGER: NO. 1—88—1841

Plaintiff filed a complaint alleging Structural Work Act (Ill. Rev. Stat. 1989, ch. 48, par. 60 *et seq.*) violations. Defendants' motions for summary judgment on count I of the first amended complaint alleging the statutory violations was granted. The negligence count of plaintiff's first amended complaint remained, and Nabisco and Harnischfeger thereafter filed separate motions for summary judgment on this count.

On October 2, 1986, Harnischfeger filed a motion for summary judgment on the negligence count. Summary judgment was entered in its favor on November 6, 1987. Plaintiff filed a motion to reconsider, apparently on December 7, 1987; the motion in the record does not include a date stamp. Plaintiff's motion was denied on May 16, 1988, but the order stated in handwriting: *"Non [sic] Pro Tunc 5/13/88."* The order also granted plaintiff's motion for leave to file a second amended complaint; the motion had been filed after the entry of summary judgment. The order also stated: "[I]t is further ordered that the court further finds that its order denying the motion to reconsider final and appealable, and that there is no just reason for delay or enforcement of same."

On June 9, 1988, plaintiff filed a notice of appeal from the November 6, 1987, and May 16, 1988, orders. No notice of filing of this notice of appeal appears in the record. On June 16, 1988, plaintiff filed a second notice of appeal from the same orders; a notice of filing stated that plaintiff had filed a notice of appeal on June 16, 1988. The second notice of appeal appeared to be a xeroxed copy of the first notice of appeal.

In support of its argument that the second notice of appeal was filed late, Harnischfeger contends that the latest date for appeal, even calculating from May 16, 1988 (and thereby ignoring the *nunc pro tunc* language relating the order back to May 13, 1988), was June 15, 1988, and that according to the notice of filing served on it, the notice of appeal was filed June 16, 1988. Harnischfeger ignores the notice of appeal that was filed June 9, 1988, although it refers to it in its jurisdictional statement.

The first issue raised is whether the timely June 9 notice of appeal was sufficient to vest jurisdiction because no notice of filing the notice of appeal appears in the record.

■■ ■ Supreme Court Rule 303(a) provides that a notice of appeal must be filed within 30 days after the entry of the final judgment appealed from. (134 Ill. 2d R. 303(a).) A notice of appeal filed later than

30 days is insufficient to vest the appellate court with jurisdiction. (*Fairfax Family Fund, Inc. v. Couch* (1982), 103 Ill. App. 3d 492, 497, 431 N.E.2d 461.) Supreme Court Rule 303(d) provides that the appellant should serve a copy of the notice of appeal and notice of the date of filing upon every other party. (134 Ill. 2d R. 303(d).) But the failure to serve a copy of the notice of appeal upon an opposing party does not deprive the appellate court of jurisdiction because the only jurisdictional step in appealing a final judgment is the filing of the notice of appeal. (*Echols v. Olsen* (1976), 63 Ill. 2d 270, 274-75, 347 N.E.2d 720; see 134 Ill. 2d R. 301.) An appeal will not be dismissed on the basis that the opposing party was not served with a copy of the notice of appeal if there was no evidence of prejudice to that party. (*Echols*, 63 Ill. 2d at 275.) A party is not prejudiced by the failure to serve on him a copy of the notice of appeal if the party could file appellate briefs and argue orally. *Echols*, 63 Ill. 2d at 275; *Lachona v. Industrial Comm'n* (1981), 87 Ill. 2d 208, 212, 429 N.E.2d 858.

■ In the instant case, appellee Harnischfeger was not prejudiced by the failure to serve upon it a copy of the June 9 notice of appeal: it received a copy of the second notice of appeal, although it was a nullity (*First Finance Co. v. Ross* (1965), 64 Ill. App. 2d 474, 479, 211 N.E.2d 588); it filed a brief in this appeal; and it would have had an opportunity to orally argue its position if the case had been scheduled for oral argument. Harnischfeger filed a motion to dismiss the case on the basis that the second notice of appeal was late, but it did not argue that the appeal should be dismissed on the basis that it was not served with a copy of the first notice of appeal. In fact, its motion ignored the first notice of appeal. The June 9 notice of appeal was timely and vested this court with jurisdiction.

■ But another issue raised concerning this court's jurisdiction is whether the order appealed from was final because, although the entry of summary judgment was upheld, plaintiff filed a second amended complaint with the court's permission. Amendment of pleadings in general is governed by section 2—616 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—616), and amendments after summary judgment are authorized by section 2—1005(g) of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(g)).

■■ The addition of Supreme Court Rule 304(a) language does not render a nonfinal order final (*Zimmerman v. 1660 Condominium Association* (1984), 126 Ill. App. 3d 71, 73, 466 N.E.2d 1158); the rule merely provides that the language permits a party to appeal from an order that finally disposes of one claim or one party when other issues

or claims are still pending (134 Ill. 2d R. 304(a)). A final order either terminates the litigation between the parties on the merits or disposes of the rights of the parties in regard to the entire controversy or some definite part thereof. (*In re Marriage of Zymali* (1981), 94 Ill. App. 3d 1145, 1147-48, 419 N.E.2d 487.) In the case of a dismissed action, if plaintiff is granted leave to file an amended complaint, the order of dismissal is not final because the cause is still pending and undecided. *Zimmerman*, 126 Ill. App. 3d at 73.

■ The same reasoning dictates that an order entering summary judgment is not final if leave is granted to file an amended complaint because the cause is still pending. The second amended complaint was similar to the first amended complaint except that it now was alleged that defendants were negligent for failing to: (1) clear a reasonably safe passageway free of snow- and ice-obscured anchor bolts; and (2) warn plaintiff of the unreasonably dangerous condition of snow- and ice-obscured anchor bolts protruding from the concrete floor. In addition, certain allegations were omitted: (1) defendants allowed snow and ice to accumulate and remain upon the foundation, thereby creating an unreasonably dangerous condition; and (2) defendants failed to remove this snow and ice. The controversy over defendants' negligence was not finally resolved because the second amended complaint was pending and, therefore, the order appealed from was not final. On this basis, the appeal from the denial of the motion to reconsider and from the entry of summary judgment in favor of Harnischfeger shall be dismissed for lack of jurisdiction.

## II. JURISDICTION OVER APPEAL FROM SUMMARY JUDGMENT ENTERED IN FAVOR OF NABISCO: NO. 1–88–3325

Nabisco's amended motion for summary judgment was granted on October 11, 1988, and the order stated "there is no just reason for delay or enforcement of the order." A notice of appeal from that order was timely filed on November 9, 1988. Nabisco does not contend that this court has no jurisdiction over this appeal, but the issue is raised because the order did not contain the requisite Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) language.

In *Hamer v. Lentz* (1987), 155 Ill. App. 3d 692, 695, 508 N.E.2d 324, the order stated only that "[t]his is a final and appealable order." The court held that the word final was not the equivalent of the word enforceable in Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) and that, therefore, the order was not appealable. In *First National Bank v. Lewis* (1987), 163 Ill. App. 3d 160, 162, 516 N.E.2d 552, the following language was also held to be insufficient for an appeal under

Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) because it lacked language of finality and appealability: "[t]here is no just reason to delay enforcement of this order."

In contrast, the order in *Lawyers Title Insurance Corp. v. Kneller* (1988), 172 Ill. App. 3d 210, 213, 525 N.E.2d 1155, was held to confer appellate jurisdiction even though it did not include the exact Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) language and omitted language of enforceability. The order there stated that "pursuant to Supreme Court Rule, being section 304(a) *** there is no just cause for delaying an appeal from the order." (172 Ill. App. 3d at 212.) The court held that the order's citation to the rule constructively fulfilled the technical language requirement.

The order entering summary judgment in favor of Nabisco did not refer to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)), finality, or appealability. For this reason, this case is similar to *First National*, and this court finds that no jurisdiction was conferred on it for this appeal.

Both appeals are dismissed for lack of jurisdiction.

Appeals dismissed.

RIZZI and WHITE, JJ., concur.