BOARD OF EDUCATION OF ROCHESTER COMMUNITY UNIT SCHOOL DISTRICT No. 3A, Petitioner, v. THE ILLINOIS EDUCATIONAL LABOR RELATIONS BOARD *et al.*, Respondents.

Fourth District   No. 4—91—0423

Opinion filed May 14, 1992.

GREEN, P.J., specially concurring.

David M. Smith, of Springfield, for petitioner.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Alison E. O'Hara, Assistant Attorney General, of Chicago, of counsel), for respondent Illinois Educational Labor Relations Board.

Allen J. Oehlert, of Deffenbaugh, Loewenstein, Hagen, Oehlert & Smith, P.C., of Springfield, for respondent Helen Verner.

Sandra J. Holman, of Illinois Education Association-NEA, of Springfield, for respondent Rochester Education Association.

JUSTICE STEIGMANN delivered the opinion of the court:

In October 1990, petitioner, Rochester Community Unit School District No. 3A (Rochester), filed a complaint with the Illinois Educational Labor Relations Board (Board) against Helen Verner, a teacher employed by Rochester and the Rochester Education Association, IEA-NEA (Association). The complaint alleged that Verner and the Association refused to bargain collectively in good faith by filing an action in the circuit court, thereby violating section 14(b)(3) of the Illinois Educational Labor Relations Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 1714(b)(3)).

The Board dismissed the charges against both Verner and the Association (*Rochester Community School District No. 3A*, 7 Pub. Employee Rep. (Ill.) par. 1066, No. 91—CB—0005—S (Illinois Educational Labor Relations Board, May 17, 1991) (hereinafter 7 Pub. Employee Rep. (Ill.) par. 1066)), and Rochester seeks administrative review of the opinion and order of the Board. We affirm.

## I. BACKGROUND

The event giving rise to the charge occurred in May 1990 when Verner filed a complaint in the circuit court against Rochester. (Verner v. Board of Education of Rochester Community Unit District No. 3A (Cir. Ct. Sangamon Co.), No. 90—LM—0867.) In her complaint, Verner alleged that Rochester's refusal to place her on the appropriate salary schedule breached her contract and violated various sections of the School Code (Ill. Rev. Stat. 1989, ch. 122, par. 1—1 *et seq.*). Rochester

responded that because the collective-bargaining agreement set forth salary schedules and contained a grievance procedure designed to resolve issues pertaining to the pay scale, the grievance and arbitration procedure provided the exclusive mechanism for resolving Verner's dispute. The Association was not a party to the suit. However, Rochester alleged in its complaint that the Association aided, abetted, advised, or otherwise participated in the filing of the suit. According to Rochester, Verner and the Association failed to bargain in good faith and violated the agreement by circumventing the grievance and arbitration procedure and filing a charge in the circuit court.

After conducting an investigation of the allegations, the Executive Director of the Board dismissed Rochester's complaint, finding that it failed to establish a *prima facie* violation of the Act. (*Rochester Community Unit School District 3A*, 7 Pub. Employee Rep. (Ill.) par. 1023, No. 91—CB—0005—S (Illinois Educational Labor Relations Board, Executive Director's recommended decision and order, Jan. 11, 1991).) The parties filed timely exceptions to the Executive Director's recommended order and opinion. Upon review, the Board agreed that Rochester failed to present " 'a facially plausible theory or argument reasonably based on [the] statute, which [it] [had] not previously addressed' " and affirmed the dismissal of the charges. (7 Pub. Employee Rep. (Ill.) par. 1066, at IX-258.) The Board reasoned that Verner could not violate section 14(b)(3) of the Act because she was not among the class of organizations or persons whose conduct was proscribed by that section. As to the charges against the Association, the Board maintained that arbitration did not provide the exclusive means available to Verner to resolve her dispute because arbitration, alone, would limit her ability to prosecute her statutory cause of action, thereby contravening section 10(b) of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 1710(b)). Rochester appeals this order.

## II. Appellate Court Jurisdiction

Initially, we address the jurisdiction of this court. In July 1991, the Association filed a motion to dismiss Rochester's petition for administrative review for want of jurisdiction, alleging that under sections 3—102 and 3—103 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, pars. 3—102, 3—103) and Supreme Court Rules 11(a), 11(c), 335(b), and 303(d) (134 Ill. 2d Rules 11(a), 11(c), 335(b), 303(d)), Rochester improperly and untimely filed its petition because Rochester failed to serve the Association's attorney of record with the petition for administrative review within 35 days. Instead, Rochester served the president of the Association at his school address after the school year had ended. Although

Rochester did not serve the Association's attorney, she nonetheless acknowledged that she received notice of the appeal from a third party.

■ We denied this motion when the Association first presented it in July 1991. On appeal, the Association requests that we reconsider that ruling. We again conclude that this court has jurisdiction over the case because there was no error in the service of the petition for administrative review. Timely service was made upon the actual party (see 134 Ill. 2d R. 335(b)). Further, while it would have been preferable for Rochester to have also served the Association's attorney of record, its failure to do so does not deprive this court of jurisdiction. We note that the Association's attorney received actual notice, filed a brief, and appeared for oral argument. Accordingly, we find that the Association was not prejudiced. See *Echols v. Olsen* (1976), 63 Ill. 2d 270, 274-75, 347 N.E.2d 720, 722; *Kawa v. Harnischfeger Corp.* (1990), 204 Ill. App. 3d 206, 209, 561 N.E.2d 1179, 1181.

### III. ANALYSIS OF BOARD'S DECISION

■ We next consider Rochester's argument that the Board erred in dismissing the claim against Verner and the Association. Section 14(b)(3) of the Act reads as follows:

"Employee organizations, their agents or representatives or educational employees are prohibited from:

\* \* \*

(3) Refusing to bargain collectively in good faith with an educational employer, if they have been designated in accordance with the provisions of this Act as the exclusive representative of employees in an appropriate unit." (Ill. Rev. Stat. 1989, ch. 48, par. 1714(b)(3).)

The Board construed section 14(b)(3) as applying to employee organizations and their agents or representatives, and not to individual educational employees. The Board also found no evidence that Verner was an agent or representative of the Association. We agree with both of these conclusions. In so holding, we acknowledge that the introductory paragraph of section 14(b)(3) also covers educational employees, and there is no doubt that Verner, as a teacher, is an educational employee. In this case, she is, nevertheless, not among the entities which could violate section 14(b)(3).

■■ Section 14(b)(3) of the Act specifically prohibits employee organizations, their agents or representatives from refusing to bargain collectively in good faith "if they have been designated \* \* \* as the exclusive representative of employees in an appropriate unit." (Ill. Rev. Stat.

1989, ch. 48, par. 1714(b)(3).) The Act defines "exclusive representative" as follows:

> "[T]he labor organization which has been designated by the Illinois Educational Labor Relations Board as the representative of the majority of educational employees in an appropriate unit, or recognized by an educational employer prior to January 1, 1984[,] as the exclusive representative of the employees in an appropriate unit or, after January 1, 1984, recognized by an employer upon evidence that the employee organization has been designated as the exclusive representative by a majority of the employees in an appropriate unit." (Ill. Rev. Stat. 1989, ch. 48, par. 1702(d).)

Although Verner is an educational employee, she is not the exclusive representative of employees in a unit. To construe section 14(b)(3) of the Act otherwise would violate its plain meaning. (See *In re Marriage of Logston* (1984), 103 Ill. 2d 266, 277, 469 N.E.2d 167, 171.) The Association is the exclusive representative for the teachers at Rochester; accordingly, Verner's actions cannot violate this section 14(b)(3), and we affirm the decision of the Board dismissing the charges against Verner.

We also affirm the Board's decision dismissing the charges against the Association, although we base our decision on different grounds. The Association was not a party to the suit filed in circuit court against Rochester and, therefore, could not have violated section 14(b)(3) in this case.

Rochester also argued that the Board's decision declining to rule on the arbitrability of the issue under section 14(b)(3) was contrary to law. Since the Board concluded that Verner could pursue her statutory claim in circuit court without her doing so being an unfair labor practice, it declined to address Rochester's contention that the arbitrator must determine jurisdiction between the courts and the arbitration process. We agree with the Board's ruling.

### IV. CONCLUSION

For the reasons stated, we affirm the decision of the Board.

Affirmed.

KNECHT, J., concurs.

PRESIDING JUSTICE GREEN, specially concurring:

I concur in the decision of the majority to affirm the decision of the Board. I agree that we have jurisdiction and that Verner, as merely an

educational employee and not an exclusive representative, is not subject to being charged under section 14(b)(3) of the Act.

The majority concludes that the Association could not be subject to such a charge because it was not a party to the lawsuit upon which the claim of an unfair labor practice is brought. No authority is cited for this conclusion and this issue has not been briefed in depth. I am unwilling to pass upon the question of whether an exclusive representative could be guilty of a section 14(b)(3) of the Act violation by encouraging and abetting an improper lawsuit by an educational employee against an educational employer.

I conclude we need not decide the foregoing question here because, as long as the complaint at law is limited to a statutory violation by the educational employer, such a suit is not improper. While the issues which may be raised in such a suit may be narrower than those which could be raised before an arbitrator, the selection of the remedy is a decision for Verner to make.