KENNETH FLIGELMAN, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (5th Division)    No. 1—93—0426

Opinion filed June 30, 1994.

Law Offices of Joseph V. Roddy, of Chicago (Paul D. Geiger and Joseph V. Roddy, of counsel), for appellant.

Susan S. Sher, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Julian N. Henriques, Jr., Assistant Corporation Counsel, of counsel), for appellee.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

The plaintiff, Kenneth Fligelman (Fligelman), a Chicago officer, appeals an order granting the defendant's motion for summary judgment.

The facts are not disputed and are as follows.

Fligelman is a detective in the Chicago police department auto theft section. On June 5, 1988, he was on duty from 3 p.m. until 11:30 p.m. At 10:00 p.m. that evening Fligelman dropped his partner off in front of the headquarters building and proceeded to park his car in the parking lot, located in the 1200 block of South State Street. Walking back to the headquarters building, Fligelman passed under the Roosevelt Road bridge. As he was walking under the bridge, he noticed some pebbles falling in front of him. He then looked around, assuming someone was throwing stones at him. He took a couple more steps forward when some bigger pebbles fell. When he looked up, he noticed that a portion of the bridge (approximately 50 to 60 feet long by 10 to 12 feet wide) was quivering. More rocks fell, and Fligelman became frightened and started to run. As he started to run he was hit on the right upper arm and shoulder. Fligelman was thrown through the air and landed in a fire escape stairway. As a result of the incident, Fligelman suffered a linear fracture of the right arm, back pain and permanent numbness. He missed work for approximately five months due to these injuries.

On May 18, 1989, Fligelman filed his complaint against the City of Chicago (City) alleging that the City was negligent in regard to the Roosevelt Road bridge and as a result the overpass collapsed and material and debris fell upon him causing him great physical pain and injury.

On July 27, 1992, the City brought its motion for summary judgment. In its motion, the City argued that section 22—307 of the Illinois Pension Code (Ill. Rev. Stat. 1991, ch. 108$^1$/$_2$, par. 1—101 *et seq.*) barred Fligelman's common law right to bring an action against the City.

On December 28, 1992, the trial court granted summary judgment in favor of the City.

The transcript of the hearing on the summary judgment motion discloses the following colloquy:

"THE COURT: *** You want 304(a) language? I would do that also.

MR. BYRNE [defense counsel]: Yes, I would like.

THE COURT: If you want 304(a), you can't have leave to amend. It's not final.

Think about it. I will give you twenty-eight days. If you want to waive that and come in for 304(a), you can do what you want."

Along with granting summary judgment, the trial court's December 28, 1992, order provided:

"Plaintiff is given 28 days *** to file an amended complaint, with leave to waive filing the amended complaint and appeal summary judgment on the negligence action."

The transcript of the summary judgement hearing discloses the trial court intended to give plaintiff 28 days to file an amended complaint and if plaintiff wanted to come back in and chose to waive the filing of an amended complaint, the trial court would then grant Rule 304(a) language making the order final and appealable.[1] (See 134 Ill. 2d R. 304(a).) Although the trial court stated that if plaintiff wanted Rule 304(a) language he could not have leave to amend, the order ultimately entered provided plaintiff with both options.

On January 25, 1993, plaintiff filed his notice of appeal from the order entered on December 28, 1992. The sole issue presented for review is whether sections 22—306 and 23—307 (Ill. Rev. Stat. 1991, ch. 108$^1$/$_2$, pars. 22—306, 23—307) operate to bar Fligelman's common law right to bring a negligence action against the City.

However, prior to discussing the merits of this appeal, we must determine whether we have jurisdiction. Although neither party challenges jurisdiction, we have an independent obligation to consider our jurisdiction and to dismiss an appeal when jurisdiction is lacking. *Brown v. K.J.S. Co.* (1989), 189 Ill. App. 3d 768, 770, 545 N.E.2d 555, 556.

At oral argument, when plaintiff's counsel was questioned regarding the finality of the December 28, 1992, order counsel indicated that a final order was entered subsequent to the December 28, 1992, order. When plaintiff's counsel requested leave to make the final order part of the appellate record, this court indicated that the proper procedure would be for plaintiff to file a motion to supplement the record and allow the City to respond.

Subsequently, we granted defendant leave to supplement the record. On June 7, 1994, the defendant filed a supplemental record. The supplemental record contained a stipulation by the plaintiff and the defendant that an attached order dated July 7, 1993, was a final and

---

[1]Nothing in the record indicates that an amended complaint was ever filed.

appealable order granting the defendant's motion for summary judgment. The July 7, 1993, order states as follows:

"*ERROR CORRECTION FORM

The following error is contained in the Clerk's electronic docket system:

The order of December 28, 1993 is not entered in the computer as a final order. The correct entry should read: Summary judgment entered December 28, 1992, by Judge Casciato is a final order disposing of the case in its entirety.

This matter being brought for order before the Presiding Judge and the court being fully advised,

It is hereby ordered that the Clerk of the Circuit Court shall correct the electronic docket system to read: Order entered December 28, 1992 by Judge Casciato granting summary judgment in favor of defendant was FINAL.

This order is entered nunc pro tunc."

The order was signed by a judge other than Judge Casciato.

The defendant's notice of appeal dated January 25, 1993, specifically states that the appeal is taken from the December 28, 1992, order. We must determine jurisdiction based on the order specifically appealed from. In addition, the July 7, 1993, order was entered subsequent to the filing of the notice of appeal. For this reason also we may not consider the order. Finally, the July 7, 1993, order is apparently an attempt to correct an error in the electronic docket system. This is irrelevant to our consideration of the finality of the order. The July 7, 1993, order was entered by a different judge and states that the December 28, 1992, order was final and appealable. We have considered the specific order entered on December 28, 1992, and find nothing in the July 7, 1993, order that has changed the language or the ruling in the December 28, 1992, order.

Accordingly, for the following reasons we dismiss the appeal for want of jurisdiction.

Plaintiff asserts that he is appealing from a summary judgment which adjudicated the entire matter in favor of the defendant and alleges jurisdiction based on Supreme Court Rule 301. (See 134 Ill. 2d R. 301.) To determine the finality of an order, the court must examine its substance as opposed to its form. (*Gutenkauf v. Gutenkauf* (1979), 69 Ill. App. 3d 871, 873, 387 N.E.2d 918, 920.) A trial court's order dismissing the complaint but allowing leave to file an amended complaint is not final and appealable. (*March v. Miller-Jesser, Inc.* (1990), 202 Ill. App. 3d 148, 158-59, 559 N.E.2d 844, 850; *Gutenkauf*, 69 Ill. App. 3d at 873, 387 N.E.2d at 920.) An order entering summary judgment is not final if leave is granted to file an amended

complaint because the cause is still pending. *Kawa v. Harnischfeger Corp.* (1990), 204 Ill. App. 3d 206, 210, 561 N.E.2d 1179, 1182.

The order appealed from granted plaintiff leave to file an amended complaint, while at the same time allowing plaintiff to waive said right. We do not believe an order that offers alternative relief which includes the opportunity to file an amended complaint is a final order. Accordingly, we are without jurisdiction to dispose of the matter on its merits and the appeal is dismissed.

Appeal dismissed.

GORDON and McNULTY, JJ., concur.