In re APPLICATION OF THE COUNTY TREASURER AND *ex officio* COUNTY COLLECTOR OF LAKE COUNTY, ILLINOIS, For Judgment and Order of Sale Against Real Estate Returned Delinquent for the Nonpayment of General Taxes and Special Assessments for the Year 1998 and Prior Years (David F. Wright, Petitioner-Appellee, v. Glen Investment, Respondent-Appellant).

Second District    No. 2—03—0478

Opinion filed July 26, 2004.—Rehearing denied August 18, 2004.

Benjamin J. Bass, of Bass Law Offices, of Lake Forest, for appellant.

Thaddeus M. Bond, Jr., of Law Offices of Thaddeus M. Bond, Jr., & Associates, of Waukegan, for appellee.

PRESIDING JUSTICE O'MALLEY delivered the opinion of the court:

Respondent, Glen Investments, appeals the order of the circuit court of Lake County granting the petition pursuant to section 2—1401 of the Code of Civil Procedure (Code) (735 5/2—1401 (West 2002)) of petitioner, David F. Wright, and vacating its earlier issuance of a tax deed to respondent. We find that our jurisdiction over this appeal is lacking and consequently dismiss the appeal.

Petitioner has been the owner of the subject property for many years and at all times relevant to this matter has resided in the subject

property as his primary residence. Three times before the instant case, petitioner's procrastination caused the property to be sold at a tax sale, and each time thereafter, he timely redeemed it. In December 1999, the County of Lake applied for a judgment that petitioner's property was liable to be sold for unpaid taxes for the 1998 tax year. On December 1, 1999, the trial court entered an order finding that there was a tax delinquency on petitioner's property and ordering a sale of that property for back taxes, to commence on December 6, 1999. On December 7, 1999, respondent paid the back taxes, costs, and penalties for the property for the 1998 tax year. Petitioner did not thereafter redeem the property.

On May 9, 2002, respondent filed a petition for tax deed, and a take notice was issued advising that petitioner's right of redemption would expire on September 30, 2002. The Lake County sheriff was unable to personally serve petitioner with the take notice, and the sheriff's attempt to serve petitioner via certified mail was refused. Petitioner did not redeem the subject property before the September 30, 2002, expiration of the redemption period.

On October 10, 2002, respondent presented its application for tax deed. Petitioner was not in attendance at that hearing. The trial court examined the application for tax deed and, relying on respondent's representations, found that respondent had met the necessary requirements. Thus, the court entered an order issuing a tax deed. The eviction of petitioner was thereafter scheduled to occur on November 18, 2002. Upon learning of the eviction notice, petitioner retained counsel to challenge the eviction.

On January 6, 2003, petitioner filed a petition pursuant to section 2—1401 of the Code seeking to vacate the issuance of the tax deed to respondent. On February 13, 2003, the trial court heard argument on the petition and granted it, finding that respondent, contrary to its representations in October 2002, had not been diligent in attempting to achieve service on petitioner, because respondent did not talk to petitioner's neighbors or condominium association to attempt to ascertain his usual whereabouts for purposes of personal service. The trial court also ordered petitioner to reimburse respondent for the back taxes, interest, penalties, costs, and legal expenses. On April 24, 2003, the trial court entered a final order, noting that petitioner had tendered and respondent had received the redemption payment. Respondent timely appeals.

On appeal, respondent argues that the trial court improperly granted petitioner's section 2—1401 petition, because petitioner failed to allege that he had been diligent before the issuance of the tax deed and, in the absence of such an allegation, cannot maintain his section

2—1401 petition. Respondent also argues that the trial court erred in finding that respondent's lack of diligence in effecting service on petitioner was tantamount to fraud or deception on the court sufficient to allow petitioner to challenge the issuance of the tax deed.

We do not reach the issues respondent raises because, in light of the requirements of the Property Tax Code (Tax Code) (35 ILCS 200/1—1 *et seq.* (West 2002)), we find that respondent's acceptance of the redemption payment has divested us of jurisdiction over this appeal.

■ Section 22—80(b) of the Tax Code provides, in pertinent part:

"Except in those cases described in subsection (a) of this Section [not applicable here], and unless the court on motion of the tax deed petitioner extends the redemption period to a date not later than 3 years from the date of sale, any order of court finding that an order directing the county clerk to issue a tax deed should be vacated shall direct the party who successfully contested the entry of the order to pay to the tax deed grantee or his or her successors and assigns (or, if a tax deed has not yet issued, the holder of the certificate) within 90 days after the date of the finding:

(1) the amount necessary to redeem the property from the sale as of the last day of the period of redemption, except that, if the sale is a scavenger sale pursuant to Section 21—260 of this Act [(35 ILCS 200/21—260 (West 2002))], the redemption amount shall not include an amount equal to all delinquent taxes on such property which taxes were delinquent at the time of sale; and

(2) amounts in satisfaction of municipal liens paid by the tax purchaser or his or her assignee, and the amounts specified in paragraphs (1) and (3) of subsection (a) of this Section, to the extent the amounts are not included in paragraph (1) of this subsection (b).

If the payment is not made within the 90-day period, the petition to vacate the order directing the county clerk to issue a tax deed shall be denied with prejudice, and the order directing the county clerk to issue a tax deed shall remain in full force and effect. No final order vacating any order directing the county clerk to issue a tax deed shall be entered pursuant to this subsection (b) until the payment has been made." 35 ILCS 200/22—80(b) (West 2002).

Section 21—390 of the Tax Code also provides, pertinently:

"The receipt of the redemption money on any property by any purchaser or assignee, on account of any forfeiture or withdrawal, or the return of the certificate of purchase, withdrawal or forfeiture for cancellation, shall operate as a release of the claim to the property under, or by virtue of, the purchase, withdrawal or forfeiture." 35 ILCS 200/21—390 (West 2002).

The circumstances of this case provide us with a novel question of statutory interpretation, namely, how a tax purchaser's acceptance of a statutorily mandated tender of redemption money affects this court's jurisdiction. The cardinal rule of statutory interpretation is to ascertain and give effect to the legislative intent. *People ex rel. Ryan v. Agpro, Inc.*, 345 Ill. App. 3d 1011, 1019 (2004), *appeal allowed*, 209 Ill. 2d 600 (2004). The best indication of the legislative intent is the language used in the statute. *Agpro*, 345 Ill. App. 3d at 1019. The court must give the statutory language its plain and ordinary meaning (*Board of Education v. Cunningham*, 346 Ill. App. 3d 1027, 1031 (2004)), and the court cannot read limitations or conditions into the statute (*Agpro*, 345 Ill. App. 3d at 1019). In interpreting the statute, the court presumes that the legislature did not intend an absurd result. *People v. Kucharski*, 346 Ill. App. 3d 655, 661 (2004).

Section 22—80(b) of the Tax Code requires that a party redeeming a property that has been sold to recover delinquent taxes must pay the redemption money to the tax purchaser as a prerequisite to obtaining a final order vacating the issuance of the tax deed. 35 ILCS 200/22—80(b) (West 2002). The provision is silent about whether the tax purchaser must accept the payment, and thus it unambiguously allows the tax purchaser to reject it. However, section 21—390 of the Tax Code provides that the receipt of the redemption money by the tax purchaser results in the release of its claim to the property. 35 ILCS 200/21—390 (West 2002). The Tax Code, therefore, creates a distinction between a tax redeemer making a payment and a tax purchaser receiving a redemption payment. In other words, the Tax Code separates the effects of tendering redemption money from the effects of receiving redemption money. Under this framework, then, in order to obtain a final order, the tax redeemer is required to tender the redemption payment. Upon tender, the final order may issue. The tax purchaser releases its claim on the property upon the receipt of the redemption money. 35 ILCS 200/21—390, 22—80(b) (West 2002).

■ This is precisely the scenario that played out in the court below. The April 24, 2003, order recited that petitioner tendered the redemption money and respondent received it. By operation of the Tax Code, respondent released its claim to the subject property upon the receipt of the redemption money. 35 ILCS 200/21—390 (West 2002). At that point, no controversy continued to exist between the parties. As there is no continuing live controversy, respondent's claims on appeal are moot and we are without jurisdiction to consider them. *Adkins Energy, LLC v. Delta-T Corp.*, 347 Ill. App. 3d 373, 376 (2004) ("Appellate jurisdiction is based upon the existence of a real controversy, and this court will dismiss an appeal involving only moot questions").

Respondent argues that the Tax Code mandated both the tender and the receipt of the redemption money as the only way to obtain a final order. If the parties had not followed the Tax Code, asserts respondent, then the trial court could not have entered a final order that could be appealed. Respondent is partially correct—the Tax Code mandates the tender of the redemption money. It is, however, silent regarding whether the money must be taken by the tax purchaser. Therefore, the trial court can enter a final judgment upon only the tender of the redemption money.

Respondent argues that our construction of the Tax Code leads to an absurdity, namely, that the receipt of the redemption money moots the tax purchaser's right to appeal. Respondent claims this to be absurd because respondent was merely following the dictates of the Tax Code. We disagree. First, we note that respondent was under no obligation to accept petitioner's tender of the redemption money. Respondent could have protected its right to appeal by posting the funds with the court, pending the resolution of its appeal. See *Allstate Insurance Co. v. Rizzi*, 252 Ill. App. 3d 133, 137 (1993) (court has equitable power to allow deposit of funds with the court pending the outcome of the litigation); *Computer Teaching Corp. v. Courseware Applications, Inc.*, 191 Ill. App. 3d 203, 205-06 (1989) (same); *American Re-Insurance Co. v. MGIC Investment Corp.*, 73 Ill. App. 3d 316, 324-25 (1979) (same). Alternatively, to obtain a final and appealable judgment, respondent could have moved for a stay of the enforcement of the trial court's order pursuant to Supreme Court Rule 305 (210 Ill. 2d R. 305) after petitioner had fulfilled the conditions of section 22—80 of the Tax Code. Instead, respondent chose to receive petitioner's tender of the redemption money and, by so doing, released its claim and divested this court of jurisdiction over its appeal.

Respondent cites to *Meyer v. First American Title Insurance Agency of Mohave, Inc.*, 285 Ill. App. 3d 330, 335-37 (1996), *Herron v. Anderson*, 254 Ill. App. 3d 365, 371-72 (1993), and *In re Marriage of Pitulla*, 202 Ill. App. 3d 103, 109-10 (1990), all for the proposition that, "[w]here a statute compels payment as a condition of relief, a tender and acceptance of payment pursuant to the statute does not waive or bar the right to appeal of either party." The cases cited by respondent do not quite stand for the proposition it asserts. Rather, they all passed on section 12—183 of the Code (735 ILCS 5/12—183 (West 2002)), concerning the effect of the trial court's entry of a release and satisfaction of judgment offered by or compelled from the judgment creditor. Section 12—183(h) of the Code provides: "Upon the filing of a release or satisfaction in full satisfaction of judgment, signed

by the party in whose favor the judgment was entered \*\*\*, the court shall vacate the judgment and dismiss the action." 735 ILCS 5/12—183(h) (West 2002). The cases cited above held that this provision does not divest the appellate court of jurisdiction over a subsequent appeal brought by the judgment creditor, but serves as evidence that the payment was made, stops the accumulation of interest, and precludes the judgment creditor from further attempts to enforce the judgment. *Meyer*, 285 Ill. App. 3d at 336; *Herron*, 254 Ill. App. 3d at 372; *Pitulla*, 202 Ill. App. 3d at 110. Section 12—183 of the Code covers the general situation where a judgment debtor satisfies a judgment. Further, it has been held to have been enacted as a protection for a judgment debtor. *Pitulla*, 202 Ill. App. 3d at 110. Last, the interpretation of section 12—183 avoids the problem that the judgment debtor could compel the entry of the satisfaction and foreclose the judgment creditor's right to appeal. *Pitulla*, 202 Ill. App. 3d at 110.

By contrast, section 21—390 of the Tax Code is a part of a unified scheme to regulate all facets of property tax, from setting the tax to collecting delinquent taxes. As noted above, the Tax Code differentiates between tender of redemption money and receipt of redemption money, specifically providing that the receipt by the tax purchaser (who would stand in the position of the judgment creditor in a more general situation) will result in the release of its claim to the property. There is nothing in the Tax Code that allows the tax redeemer to compel the entry of a satisfaction. Indeed, it would seem that the tax redeemer could invoke the provisions of section 12—183 to obtain the entry of a satisfaction. However, because of the distinction between tender and receipt of the redemption money, the interpretation of section 12—183 of the Code cannot guide our interpretation of the provisions of the Tax Code. *Meyer*, *Herron*, and *Pitulla*, all of which interpret only section 12—183 of the Code, are inapposite.

We also note that any guidance provided by authority interpreting section 12—183 of the Code would be limited by the principle that where two statutes are applicable, the more specific statute controls over the more general one. *Kucharski*, 346 Ill. App. 3d at 660. Here, the Tax Code is the more specific statute, dealing with the relatively narrow topic of property taxation (as opposed to all civil litigation). It has specific provisions detailing in what circumstances a final order may be obtained after the revocation of a tax deed and the effect of the receipt of the redemption money on the cause. As a result, these specific provisions render inapposite the authority interpreting the general provision.

Respondent also cites to *Pinkstaff v. Pennsylvania R.R. Co.*, 31 Ill. 2d 518, 531 (1964), and *Long v. Tranka*, 146 Ill. App. 3d 428, 430-32

(1986), for the proposition that "[c]ompulsory payment or satisfaction of a money judgment by a judgment debtor does not generally bar prosecution of an appeal." We find these cases also to be inapposite, as they refer to the right to appeal of a party in petitioner's position here, that of a judgment debtor, or a party obligated to pay the money judgment. We also note that, while a judgment debtor will not lose its right to appeal by following a statutory requirement to pay a money judgment, here, the issue is whether the Tax Code required that respondent accept the tender of the redemption money. As noted above, it did not.

Last, respondent points out that petitioner did not raise this issue in his response brief or file a cross-appeal of the order. Respondent urges that we find that petitioner has waived our consideration of this issue. While respondent's argument is factually correct (indeed, neither party raised this issue and provided argument on it only at this court's insistence), we cannot entertain respondent's request. We have an independent obligation to verify our jurisdiction over every appeal that is filed in this court. *Fligelman v. City of Chicago*, 264 Ill. App. 3d 1035, 1037 (1994). If our examination reveals jurisdiction to be lacking, then we must dismiss the appeal. *Fligelman*, 264 Ill. App. 3d at 1037. We also note that appellate jurisdiction cannot be conferred by waiver or agreement. *Bernhauser v. Glen Ellyn Dodge, Inc.*, 288 Ill. App. 3d 984, 989 (1997). By asserting that petitioner waived the issue, respondent seeks to confer appellate jurisdiction by waiver, and that is prohibited. As our inquiry has demonstrated that we have no jurisdiction over this appeal, we dismiss it.

For the foregoing reasons, the appeal from the judgment of the circuit court of Lake County is dismissed.

Appeal dismissed.

BOWMAN and GROMETER, JJ., concur.